LAWRENCE O. DONOHUE *vs.* JOSEPH WOODBURY.

If one owing a sum of money, the amount of which is not ascertained and fixed, offer his creditor a certain sum, declaring it to be for all that he is owing him, which sum is accepted by the creditor, such acceptance is a full discharge of the demand; although the words spoken by the debtor are not heard by the creditor, through inattention or carelessness, provided they are so spoken, that, with ordinary care, under the circumstances, they might have been heard by him.

THIS was an action of assumpsit to recover the balance of a claim for labor and services, originally commenced before a justice of the peace, and brought by appeal to the court of common pleas, where it was submitted to the court and jury upon a statement of facts and evidence substantially as follows : —

Donohue *v.* Woodbury.

At a preceding term of the court of common pleas, the plaintiff brought an action against the defendant to recover about the sum of $52 for labor in his service. The action was duly entered, but was subsequently withdrawn, on account of some defect in the service of the writ. Soon afterwards, and before this action was commenced, the plaintiff's attorney received of the defendant's attorney $35, in the manner and under the circumstances in evidence as follows:

A witness who was present in the court-house, where the tender was made, at the time, testified, that the attorney for the defendant made a tender of $35 to the attorney for the plaintiff, as and for the claim of the plaintiff against the defendant, before this action was brought; and that the attorney for the plaintiff took the money and went out of the court-house, without making any reply.

The attorney for the defendant testified, that at the June term of the court of common pleas, 1849, as such attorney, he tendered the plaintiff's attorney $35 in gold, "for all that Woodbury was owing Donohue;" and that the attorney for the plaintiff took the money, kept it, and made no reply.

The attorney for the plaintiff testified, that the defendant's attorney handed him some money as "from Woodbury for Donohue," when he (the witness) was about leaving the court-room; that he did not hear the defendant's attorney make use of the word "tender," or of the words "for all that Woodbury was owing Donohue," or any other words implying that meaning; but that he took the money as a common tender.

This action was afterwards brought to recover the balance of $17.

Upon the foregoing evidence, the presiding judge, *Mellen*, J., instructed the jury, that if, before action brought, a sum of money was proffered by the defendant to the plaintiff, or to his duly authorized agent, or to an agent whose acts were afterwards ratified by the plaintiff, for all that Woodbury was owing Donohue, the amount due not being then a fixed and ascertained sum, and the sum so proffered was accepted by the plaintiff or his agent, before action brought, such acceptance would be a bar to the present claim of the plaintiff; and also,

13 *

that if, at the time of such proffer, the words above stated, " for all that Woodbury was owing Donohue," were spoken by the defendant, so that they might, with ordinary care, under the circumstances, have been heard by the plaintiff's agent, though through inattention and carelessness, on his part, they were not heard, and the offer accompanied by these words was accepted by him, such. acceptance would be a release and discharge of the plaintiff's claim.

The jury thereupon rendered their verdict for the defendant, and the plaintiff excepted.

*C. D. Bowman*, for the plaintiff, cited *Robinson* v. *Ferreday*, 8 Car. & P. 752; 3 Steph. N. P. 2602; 3 Stark. Ev. 1098, 1396; *Spybey* v. *Hide*, 3 Camp. 181; *Boyden* v. *Moore*, 5 Mass. 365; 2 Stark. Ev. 25; *Fitch* v. *Sutton*, 5 East, 230; *Brooks* v. *White*, 2 Met. 283, 285.

*E. Washburn*, for the defendant, cited *Wilkinson* v. *Byers*, 1 Ad. & El. 106; *Sutton* v. *Hawkins*, 8 Car. & P. 259; *Hastings* v. *Thorley*, 8 Car. & P. 573; *Gordon* v. *Cox*, 7 Car. & P. 172; *Cheminant* v. *Thornton*, 2 Car. & P. 50; *Peacock* v. *Dickerson*, 2 Car. & P. 51, note.

SHAW, C. J. This is an action to recover a balance alleged to be due to the plaintiff for labor and services. The only question on the exceptions is, whether the directions to the jury were correct; and the court are of opinion that they were. If an offer of money is made to one, upon certain terms and conditions, and the party to whom it is offered takes the money, though without words of assent, the acceptance is an assent *de facto*, and he is bound by it. *Reed* v. *Boardman*, 20 Pick. 441. This is quite distinguishable from a tender, not accepted, in discharge of any debt or debts, which must, in general, be absolute and untrammelled with any condition. It is also quite distinguishable from an accord and satisfaction, where something other than money is offered on one side, and received on the other, in satisfaction of some debt or duty.

The rule is well settled, that the payment of a part of a debt, though offered in satisfaction, is not a payment of the whole, and is no defence to an action for the balance. But that rule applies strictly to a case of debt, or a claim for a

.iquidated amount. It does not apply to an unliquidated claim for damages. Originally, the present was a claim for services, and was for unliquidated damages. Some services were admitted to have been rendered, but the amount was denied; and an offer was made of a less sum than that claimed. The case was open to two inquiries, first, as to the time of service, and second, as to the rate. The offer therefore of $35 was both to liquidate the claim and pay that sum in satisfaction; the acceptance of the offer fixed and liquidated the sum, in the nature of an *insimul computassent*, and *eo instanti* discharged it. *Tuttle* v. *Tuttle*, 12 Met. 551, 554.

In regard to the other point, it appears to us that the direction was right. Money could scarcely be paid by one to another without some words being spoken, or some purpose expressed. It was the duty of the agent, before receiving the money, to know what was said, and what was the purpose expressed; and if the words were so spoken, that, with ordinary care, he might have heard them, and through carelessness or inattention, he failed to do so, the acceptance was binding, as an assent to the terms. *Exceptions overruled.*