## Peter Lapp and Lem. W. Flershem v. William H. Smith and Alfred R. Crosby.

1. PAYMENT—*Conditional Tender of Checks, etc.*—Where a debtor sends a check to his creditor for a part of his indebtedness and notes for the balance, without stating that they were sent and were to be accepted in full payment and satisfaction of his indebtedness, the creditor has the legal right to apply the check in part payment of the indebtedness, and upon tendering back the notes, to sue for the balance.

Assumpsit, for merchandise sold and delivered. Trial in the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Verdict and judgment for plaintiffs; appeal by defendants. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed June 12, 1899.

FLOWER, SMITH & MUSGRAVE, attorneys for appellants.

When an account is disputed and the debtor makes an

offer as settlement in full, the acceptance and use of the proceeds of that offer constitute an accord and satisfaction, although the creditor at the time declares that he will not accept it in full of the account. Ostrander v. Scott, 161 Ill. 339; Fuller v. Kemp, 138 N. Y. 238; McDaniels v. Bank, 29 Vt. 230; Donohue v. Woodbury, 60 Mass. 148; Calkins v. State, 13 Wis. 389.

Acceptance of a part of the proceeds of an offer or of a contract is held to be an acceptance of the whole when the opposite party so elects. Harzefeld v. Converse, 105 Ill. 534; Wolf v. Dietzsch, 75 Ill. 205; First National Bank v. Crocker, 111 Mass. 163; Nutting v. Sloan, 57 Ga. 392; Emery v. Irving National Bank, 25 Ohio St. 360.

STRICKLER & KNIGHT, attorneys for appellees.

There was no acceptance of the offer of settlement. An acceptance of an offer must be unconditional and entire. If an acceptance with a condition not contained in the offer is made it becomes a counter offer and is no acceptance. McClay v. Harvey, 90 Ill. 525; Rugg v. Davis, 15 Ill. App. 647; Kirk v. Wolf Mfg. Co., 118 Ill. 567; Fox v. Turner, 1 Ill. App. 153; Smith v. Wetherell, 4 Ill. App. 655; Ada St. M. E. Church v. Garnsey, 66 Ill. 132; Corcoran v. White, 117 Ill. 118.

The mere giving of a promissory note does not of itself extinguish a precedent debt whether it be an account or other demand. Archibald v. Argall, 53 Ill. 307.

And the *onus* of showing that it is an extinguishment lies upon those who allege it. Hayward v. Burke, 151 Ill. 121.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellants, by their own admission, were indebted to appellees in the sum of $2,245.41 for goods, wares and merchandise sold and delivered, which amount was due to appellees, but appellants contended that appellees were indebted to them in the sum of $50 for advertising appellee's goods in appellants' catalogues, and this amount of $50 was in dispute between the parties. May 7, 1898, appellants wrote to appellees, inclosing to them a check for $500 and three

notes, each dated May 16, 1898, and payable to the order of appellees, one for $563.13 due in four months from date, one for $565.14, due in five months from date, and one for $565.14 due in six months from date.

The letter inclosing the check and notes was as follows:

"Enclosed please find check and notes for your statement also sent herewith, less legitimate deductions. We have done business with you pleasantly a great many years, and hope that the present misunderstanding will not terminate our dealings with you in the future on a basis which may be mutually agreeable, to be suggested by you. For reference we send you a memorandum of the last three settlements of your account, which so far as we know were perfectly satisfactory to you. After a calm scrutiny and verification with your books, you will certainly agree that the present settlement is as good, if not better, than those of the past."

To this letter appellees, under date of May 12th, responded as follows:

"Your proposed settlement is not satisfactory to us; much of the account has run over two years. We have, therefore, referred the whole matter to the Board of Trade for adjustment. We will say in addition that we shall allow no deductions for catalogue or any other charges, but insist upon an immediate and full statement."

Appellees retained and drew the money on the check, and tendered back the notes to appellants, which tender appellants refused, except accompanied with the check, and demanded the check, which demand appellees declined to accede to. On the trial appellees produced the notes and again tendered them to appellants.

The jury were instructed by the court to find for appellees and to assess the damages at the sum of $1,695.41. A verdict was returned and judgment rendered accordingly.

The amount of the judgment is the amount appearing to be due by appellees' statement of account, less the $500 check and less also the $50 in dispute, which last amount appellees allowed on the trial.

The contention of appellants is, that the check and notes were offered to appellees in full settlement of the account between the parties; that appellees were bound to accept the

offer or reject it *in toto;* that if they rejected it, it was incumbent on them to return both the check and the notes, and that having retained the check and appropriated the money for which it was drawn, they must be held to have accepted appellants' offer, and therefore can not recover in the present suit, but only on the notes which were not due when the suit was commenced. Appellants' counsel cite in support of this contention, Ostrander v. Scott, 161 Ill. 339; Fuller v. Kemp, 138 N. Y. 238; McDaniels v. Bank, 29 Vt. 230; Donohue v. Woodbury, 60 Mass. 148; Calkins v. State, 13 Wis. 389.

In Ostrander v. Scott, the check sent by the debtor was expressed to be " in full account to date." In Fuller v. Kemp the check was enclosed to the creditor by the debtor in a letter in which he stated the check to be in full satisfaction of the plaintiff's claim for professional services against him to date.

In McDaniels v. Bank, *supra*, and in McDaniels v. Lapham et al., 20 Vt. 222, referred to in the former case, it appeared that there was an unliquidated account between the parties, and that the special agent of the debtor, in accordance with written instructions from his principal, tendered to the creditor, on behalf of his principal, the sum of $1,875, to be received by the creditor in full satisfaction of the amount due him, the agent informing the creditor that he had no instructions to pay or tender the money, except on condition that it would be received in full payment and satisfaction of the claim. The creditor refused several times to accept the money on that condition, but finally received it and tendered the agent a receipt, which the latter refused to receive. The court held that the receipt of the money by the creditor operated as satisfaction in full of the claim. In Donohue v. Woodbury, 60 Mass. (6 Cush.) 148, *supra*, there was a disputed account between the parties, and the attorney for the defendant tendered to the plaintiff's attorney $35 in gold " for all that Woodbury was owing Donohue," and the money was accepted without words. *Held:* " If an offer of money is

made to one, upon certain terms and conditions, and the party to whom it is offered takes the money, though without words of assent, the acceptance is an assent *de facto*, and he is bound by it." In the Wisconsin case cited *supra* the claim was against the State for printing. The legislature appropriated an amount expressed as " being payment in full for printing," etc. The claimant accepted the appropriation, and it was held that his acceptance of the amount appropriated was an acceptance of the terms of the appropriation. The cases in 21 and 29 Vt., and the case in 136 N. Y., cited *supra*, all proceed on the ground that the tender was made on the condition that it was to operate as payment in full, and the decision in Ostrander v. Scott is based on the same ground, the court saying : " The check was made, on its face, a payment in full of all demands to date, and the effect, when it was received, indorsed and collected, was the same as if it had been tendered accompanied with a receipt in full of all demands to date, and the plaintiff had received the check and signed the receipt. It was enclosed in a letter stating that it was in full of account," etc.

In the present case there was no condition annexed to the offer of the check and notes, no statement that they were sent in full of the account, or that they were to be so received. The language is, " Enclosed please find check and notes for your statement, also sent herewith, less legitimate deductions." We do not think the cases cited by appellants' counsel are applicable, and are of opinion that the court was warranted in holding that appellees were not bound to return the check; that they had the legal right to apply it in part payment of appellants' indebtedness to them, and, upon tendering back the notes, to sue for the balance of the account.

We are not disposed to go to greater length than did the court in the Ostrander case.

The offer of appellants was in writing, and it was a question for the court whether the offer was such that appellees were bound to accept it wholly or reject it wholly.

2 Parsons on Contracts (6th Ed.), 492; Lintner v. Milliken, 47 Ill. 176, 181.

Appellants' counsel asked several instructions on their theory of the case which we think were properly refused.

The judgment will be affirmed.