JOHNSON AND WIFE *vs.* COLLINS.

1. When several are bound by an executory contract to make titles to a vendee, all must join in the conveyance in order to a complete performance of the contract.

2. But when two or more are bound for the performance of one duty, and the

obligee accepts from one of them something in satisfaction of the duty, and in lieu of a strict performance, this shall discharge all; for the obligation, being satisfied and discharged as to one, is necessarily satisfied and discharged as to all.

3. When a bond for titles is executed by two, and the obligee afterwards accepts from one of them .a deed executed by himself and a third person, it is a question for the jury to determine whether the deed was accepted in satisfaction of the bond.

4. When an obligation is not completely performed, and the obligors insist upon satisfaction in lieu of performance, the burden of proof is upon them to show that the thing done or given in lieu of performance *was accepted by the obligee, and intended as a satisfaction.*

5. When two execute a bond for titles, and the obligee afterwards accepts a deed executed by one of them and a third person, and subsequently releases the obligor who executed the deed from all the covenants therein contained, the release does not affect the liability of the obligors on their bond.

6. In debt on bond executed by two, defendant pleaded satisfaction, and proved that a deed executed by one of the obligors and a third person had been delivered to, and accepted by the obligee. The court charged the jury, that if they believed that the deed was accepted by the obligee, in full discharge and satisfaction of the bond, then the bond was extinguished ; that whether it was so accepted or not, must be determined by the testimony of the case relating to that matter; and that if the bond was not surrendered or cancelled at the time the deed was delivered, and there was no agreement or understanding between the parties that it was to be surrendered or cancelled, then the presumption was that the deed was not taken in full discharge and satisfaction. *Held,*

     1. That the charge was not erroneous.

     2. That a 'charge was properly refused, which withdrew from the jury the *intention of the parties* in making and accepting the deed relied on as a satisfaction of the bond.

ERROR to the Circuit Court of Marengo.

Tried before the Hon. John D. Phelan.

This was an action of debt, brought by John Collins against Johnson and wife, on a bond executed by James Martin and Sarah Martin, now the wife of the defendant Johnson, whereby they bound themselves to John Collins in the penal sum of thirty-two hundred dollars, with a condition, to be void if the obligors, within a reasonable time, should make or cause to be made unto the obligee a good and lawful title, free from all incumbrances, to a certain tract of land described in the condition of said bond. On the trial it appeared that James Martin was the administrator of Peter Martin, deceased, and supposing that the land belonged to his intestate, applied to the Orphans' Court and obtained an order of sale, under which

the land was sold, and he, the said James Martin, became the purchaser at such sale. After the sale, and in the year 1839, James Martin and his wife Esther executed a deed to Collins, with full covenants, by which he conveyed the land described in the bond. It further appeared, that Collins paid eight hundred dollars at the time the bond was executed, and re ceived the possession of the land, and upon the execution of the deed by James Martin, he paid the further sum of eight hundred dollars, which constituted the amount agreed to be given for the land; but Collins did not give up the bond when the deed was executed, nor does it appear that anything was said in reference to it. After this it·was discovered that Peter Martin, the intestate, had no title to the land, but that it belonged jointly to his widow, Sarah Martin, who executed the bond, and to her infant children; and suit being brought at law to recover the possession from Collins, he filed his bill in equity to enjoin it, but obtained a decree only for the undivided part or interest of Sarah Martin, and consequently her children recovered of him their interest. It also was shown that Collins had released James Martin from all the covenants in the deed, but the release made no reference to his liability on the bond. There was evidence introduced, taken by deposition, which tended to prove that Collins considered the deed executed by James Martin as a satisfaction of the bond, but there was no instrument in writing executed by him, which showed that he did receive said deed, either as a full performance of the bond, or as a satisfaction thereof. The court instructed the jury, first, that if they found from the testimony that the deed from James Martin to the plaintiff Collins was taken and accepted by him, in full discharge and satisfaction of the bond for titles, then said bond is extinguished and dead in law, and this suit cannot be sustained; and that whether it was so accepted or not, was to be determined by the testimony of the case relating to that matter; that if the bond was not surrendered or cancelled at the time the deed was made, and there was no agreement or understanding between the parties that it was to be surrendered or cancelled, then the presumption is that the deed was not taken in full discharge and satisfaction of the bond. Secondly, that the acceptance of a deed from one, when the bond is made by two,

does not raise the presumption that such deed was taken in full discharge and satisfaction of the bond as to both the obligors. The court refused to ·charge, as requested by the defendants, that if the jury believed the whole evidence, they must find for the defendants.

BROOKS & BYRD, for plaintiffs in error:

1. The acceptance of the deed of Martin by Collins, was a discharge and satisfaction of the title bond. 10 Johns. 306; 1 Watts & Serg. 83; ib. 442.

Where a deed is accepted unconditionally, as in this case, the law presumes it to be in satisfaction of the bond. 10 Johns. R. Supra. 306.

But the evidence clearly shows that the acceptance of the deed was in satisfaction. In the first place, it was well known to Collins that the obligors had no title to the land; then the mode of procuring title was fairly understood and agreed upon. In pursuance of the agreement, Martin procured from the Orphan's Court an order for the sale of the land, had it sold, and became the purchaser. This, as *Collins* swears, was done "*for the purpose of carrying out in good faith the said contract.*" Martin then makes a deed to Collins. *This was the very title contemplated by the parties*, and was considered a good title, for Collins swears that he was to pay the remaining half of the purchase money "*when the titles and conveyance to him were completed.*" When the deed was tendered, he accepted it without any condition or qualification, and paid the balance of the purchase money without objection, and this was more than three years after the making of the contract. Why was the deed accepted and the money paid? Because the title was supposed by all parties to be good and sufficient. The deed being accepted with that understanding, of course all parties considered the stipulations of the bond fulfilled, and the bond satisfied.

And again: when Collins desired to make Martin a competent witness in his land suit, to support his title to the land, he released Martin, not from the covenants in the bond, but from the covenants of the deed, and observed to Martin that "*he was then released from any responsibility about the land;*" thus clearly showing that he did not consider Martin respon-

sible upon the bond. Martin also says that he considered himself discharged from all obligation which he had come under in regard to the land.

The retaining of the bond by Collins does not conflict with this view of the case, for he had a right, and it was his duty to himself to retain it as a part of his chain of title. Besides, it was not demanded.

2. The fact of there being two obligors can make no difference. The bond stipulated for the performance of but *one duty*, that was, the making of a good title, or of what was *considered* a good title to the premises, and a performance by either was a discharge of both. Cheetham et al. v. Ward, 1 Bos. & Pull. 630. And the obligee has it not in his power to discharge one obligor without discharging both. A release to one operates as a release to all. 7 Bacon Abr. 255; Cheetham et al. v. Ward, 1 Bos. & Pull. 630.

3. In this case Martin cannot be sued upon his bond, because he has made a deed, and he cannot be sued upon his deed, because he was released therefrom. To hold Mrs. Johnson liable, would present the anomaly of the surety being held responsible upon the bond, while the principal obligor was discharged therefrom by a voluntary arrangement between him and the obligee, without her privity or consent.

4. If the deed was made in good faith, and it was supposed by all the parties that at the time of its acceptance it conveyed a good title, then the bond was discharged. Such would necessarily be the understanding of the parties. It is not to be supposed that the bond was to be held up, in order that the validity of the title conveyed by the deed might be tested at some future day. It was at the time it was offered for acceptance that the sufficiency of the deed was to be determined If Collins had then deemed it insufficient, he would have rejected it. If he believed it sufficient, he would have accepted it, as a fulfilment of the stipulations of the bond, and paid the balance of the purchase money, as he did.

5. The charge was erroneous. If correct abstractly, it was calculated to, and did mislead the jury.

6. Upon the whole evidence, the plaintiff was not entitled to recover, and the charge asked for should have been given.

A. R. Manning, *contra* :

1. It is true, that when one who has contracted to convey land to another, executes to him a deed of conveyance of the land, and the latter accepts it, *prima facie*, and only *prima facie*, the contract is discharged. 10 J. R. 297; 4 Watts Rep. 405; 9 Watts Rep. 12.

Why? Because the law does not suppose that either the grantor or the grantee would desire (there being no reason why they should,) two or more separate assurances of title to the same parcel of land, to be in force between them, when only one is necessary or usual. But when two persons (as in this case,) or more, are under covenant to make or cause to be made a good title, and only one of them makes the deed, and that with warranty, the interest of both him who makes and of him who receives the deed, requires, and they therefore must be presumed to intend, that the covenant shall not be discharged. For then, if the title conveyed by the deed be not good, the grantor can make his co-obligor contribute with him toward the indemnification of the grantee; and the grantee will have recourse against two or more, instead of only one. The deed ought, therefore, to be considered as only one act toward the performance of the contract; toward causing to be made a good and lawful title, free from incumbrances.

If such were not the presumption of law in a simple case, (such as that supposed,) certainly it would be in a case like this, in which the known facts show, that according to law, (which all are presumed to be acquainted with,) the title to a part of the land, when the deed was made, was in the very co-obligor who did not join in making the deed, and when the obligee (Collins) kept and retained the title bond; that in some cases of even one obligor only, his bond is not discharged by his subsequent conveyance, of the same land to which the bond related, to the obligee, see 2 Penn. (Penrose) Rep. 528; 9 Watts Rep. 12. A covenant by three to convey land with warranty, is not performed by a warranty deed from one who has the title and release from the other two. 1 Mass. Rep. 191.

Again: By this title bond, James Martin and the defendant Sarah, stipulated that they would make or cause to be made a good and lawful title, free from all incumbrances; and

not, that James Martin should cause the land to be auctioned off under a decree of an orphans' court, bid it in himself, and then make a deed thereof to Collins. These acts, therefore, are not a performance in law of the stipulation; and if they were accepted (as all the pleas of the defendants below in relation to the deed alleged) by Collins, as a satisfaction, or fulfillment thereof, the defendants below had to prove this to the jury. "The distinction between performance and satisfaction is, that the former is the performance in specie of the agreement; the latter is, where the contracting party has done something in lieu of the thing contracted for. * * * The distinction is of great importance, because the *onus probandi*, as to the intention, lies on different parties in the two cases." Batten on Specific Perf. 280–1; 67 Law Lib. 160.

To prove to the jury that Collins accepted the acts and deeds of James Martin as a satisfaction, the defendants below read his bill in chancery against them and others, in which, although he relates what James Martin represented to him, and promised to do, and did do in good faith towards the performance of the contract, he does not say that he (Collins) accepted said Martin's acts and deeds as a satisfaction of the title bond; but on the contrary, sets up the title bond against the plaintiffs in error. And on this and the other evidence, the jury returned that Collins did not accept the deed, &c., as a satisfaction and discharge of the bond.

And this court has decided the same thing, The chancery cause, in which that bill of Collins' was filed, came here; and this very point being made, the solicitor cited in support of it Cullum v. the Branch Bank at Mobile, 4 Ala. Rep. 29, adopting the language of Sugden on Vendors, ch. 9, § 6, declaring that upon the execution of a deed by all the necessary parties, the preceding contract became void, both at law and in equity. But this court decided that the title bond was still operative, and was a good conveyance in equity of Mrs. Johnson's title to a part of the land. And this decision was made in favor of Collins, as complainant. This question is, therefore, here *res judicata*. Collins v. Johnson and wife et al. 12 Ala. Rep. 322.

2. As to the deed of release: That, by express words, relates to the covenants in the deed of conveyance only. It

does not refer at all to the title bond signed by Mrs. Johnson, and cannot therefore release her from that.

The courts are not inclined to extend the very inconvenient and not very just doctrine, that the release of one, of two or more joint and several makers of a bond or promissory note, operates as a discharge of the others. Nothing but a strict technical release is allowed to have that effect. 8 Term Rep. 168; 22 Pick. Rep. 305. And a covenant not to sue, although it may be pleaded as a release, by a sole debtor, cannot be by joint and several debtors. 17 Mass. Rep. 623, 628; 8 ib. 480. And a discharge of one of them by operation of law, does not discharge the other. Much less ought the release of one person, from the covenants of his sole deed, operate as a release of another person from another instrument, on which he is jointly and severally liable with the releasee.

3. In regard to the refusal of the court to charge the jury to find for the defendants below: In a few cases, when the Circuit Judge has given such general charges, this court has sustained them; but it was only, when beyond all question, there was no evidence that would warrant a reversal of the judgment. Such general charges are both dangerous and inconvenient; dangerous as leading to an invasion by the court of the province of the jury, and inconvenient because leading to an incumbering of the records in common law suits with all the evidence, or all that at the moment can be recollected and truly recited, and enabling new questions to be raised for the first time in the Appellate Court; questions, which if made in the court below, it might have been its duty to obviate by the admission of a little evidence that had perhaps been inadvertently omitted. 15 Wend. Rep. 582–'3; 2 Ch. General Prac. 593; 1 Adolph. & Ellis 3, (28 Eng. C. L. Rep. 17.)

When evidence has been submitted to a jury on both sides, it can never be error for the court to refuse the general charge.

The question whether the deed was received in satisfaction or not, was peculiarly one for the jury, and it is so presented by all the pleas relating to the deed; so is the waiver or not of performance of a contract, and a non-suit ordered by the

court below was set aside, although all the evidence in relation to the waiver was contained in *a letter*.	17 Maine Rep. 34, (5 Shep.;) 12 Ala. Rep. 527.

DARGAN, C. J.—The obligation on which this suit is brought is subject to the condition, that if the obligors, James and Sarah Martin, should, within a reasonable time, *make or cause to be made* unto the obligee, John Collins, a good and lawful title to the lands therein described, then the bond should be void. This being the condition, it is manifest that it has not been completely performed. James Martin alone executed a deed to the obligee, and this deed conveyed to him no title, because Martin, himself, had none. The rule is, that when several are bound by an executory contract to make titles to the vendee, all must join in the conveyance in order to a complete performance of the agreement. Sugden on Vendors, 9 Ed. 628, 629; Cullum v. The Bank of Mobile, 4 Ala. 21; Lawrence v. Parker, 1 Mass. 191. It would violate the express terms of the contract to hold that a deed, executed by one of several obligors, was a complete execution of the agreement, when such deed gave to the vendee no title at all. As the obligation has not been completely performed, the next question is, has the obligee accepted any thing in lieu of a complete performance, and in satisfaction thereof? If he has, the obligation is saved, for if two or more be bound to the performance of one duty, and the obligee accepts from one of the obligors something in lieu of a strict performance, and in satisfaction of the debt or duty, this shall discharge all; for the obligation being satisfied and discharged as to one, it is necessarily satisfied and discharged as to all, for there is but one duty extending to all, and when this is satisfied the obligation is gone. Cheetham v. Ward, 1 Bos. & Pull. 630; Bacon Abr., vol. 7; 255. It may be, that when a simple contract debt is owing by several, one may stipulate for his own discharge, reserving the liability of the others; authorities are to be found which so hold, and I do not intend to say, at this time, whether I concur with them or not; but when the debt or duty is satisfied by one, there is no longer an obligation resting upon the others. If, then, the deed of James Martin and Esther, his wife, which contained full

covenants, and purported to convey the land described in the bond to the obligee, was accepted by him in satisfaction of the bond, and was so intended at the time of its delivery, I should hold, as the Circuit Court did, that it was a discharge of Sarah Martin, now the wife of the defendant, Johnson. But whether this deed was so accepted or not was a question of intention, a fact, which the jury alone could determine, and the court very properly left it to them to decide, by the instructions which he gave.

The counsel for the plaintiffs in error, however, contend that though it was a question of intention for the jury, yet the acceptance of the deed from one of the obligors, created the legal presumption that it was accepted in satisfaction of the bond, and that the court should have so charged the jury. But admitting that such would have been the legal presumption, if the bond had been executed by James Martin alone, this presumption could not arise in this case, the bond being executed by two, for the deed could only operate by way of satisfaction of the bond; it was not a complete performance of the contract, and when the agreement is not completely performed, and the obligors insist upon satisfaction in lieu of performance, the burthen of proof is upon them, to show that the thing done, or given in the stead of performance, was accepted by the obligee, *and intended as a satisfaction*, Batten on Specific Performance 280 ; and certainly the law will not raise a legal presumption in opposition to the burthen of proof.

It is again objected, that the latter part of the first charge was calculated to mislead the jury, by impressing them with the idea that if no express agreement or understanding existed between the parties, at the time the deed was delivered, that the bond should be *surrendered or cancelled*, that it was not satisfied or discharged, although the deed was accepted with the intention, and for the purpose of discharging the bond. But taking the charge altogether, we think the jury must have been impressed with the idea, that it was the intention alone with which the deed was received that should govern their verdict, and that if they found this intention to exist, they should render a verdict for the defendant, without regard to the fact whether anything was said in terms about

surrendering or cancelling the bond. Looking at the whole charge, we are unable to perceive that it was calculated to mislead the jury, or improperly influence their verdict.

In regard to the charge refused, that if the jury believed the whole evidence they must find for the defendants, it is enough to say, that though we have sometimes sustained such charges, it is very clear that it would have been highly improper in this case. It would have been a direct invasion by the court of the province of the jury, by undertaking to decide the question of intention of the parties, in making and accepting the deed relied on as a satisfaction of the bond.

In reference to the release given by Collins to James Martin, it only operated on the covenants contained in the deed, and had no effect at all upon the liability of the obligors on their bond.

There is no error in the record, and the judgment must be affirmed.