EMMA S. MAYO

*vs.*

LLEWELLYN M. LEIGHTON.

Cumberland.    Opinion December 28, 1905.

*Accord and Satisfaction.    Offer and Tender.    Payment.    Intention of Parties.*

In order to support a plea of accord and satisfaction payment must be received as well as made. Neither offer to perform nor tender is sufficient. Nothing short of actual performance, meaning thereby performance accepted, will sustain such a defense.

Payment made and accepted for the assignment of a mortgage, is not a settlement of a claim for the breach of another and different contract unless so intended by the parties. Whether it is so intended is a question of fact for the determination of the jury.

On motion and exceptions by plaintiff. Exceptions sustained. Motion not considered.

Assumpsit. Plaintiff alleged that she placed in the hands of the defendant, a real estate broker and investor of money on real estate security, $2,000 to be loaned to one McDonnell on a first mortgage of certain real estate in Portland, and that the contract made by the defendant with her was broken by the defendant and that she had suffered damage thereby. Plea, the general issue with a brief statement of accord and satisfaction. Tried at the April term, 1905, of the Supreme Judicial Court, Cumberland County. Verdict for defendant. Plaintiff then filed a motion for a new trial and also took exceptions to certain rulings made by the presiding Justice during the trial.

The case is sufficiently stated in the opinion.

*I. W. Parker and M. P. Frank,* for plaintiff.

*A. W. Coombs,* for defendant.

Sitting: Wiswell, C. J., Whitehouse, Strout, Savage, Powers, Spear, JJ.

Powers, J. Exceptions and motion for new trial by plaintiff.

This is an action of assumpsit. The first count in the writ sets out in substance that the plaintiff at the request of the defendant, who was a real estate broker and investor of money on real estate security, placed in the defendant's hands two thousand dollars to be loaned to one McDonnell on a first mortgage in Portland; that the defendant "in consideration thereof then and there promised the plaintiff to loan said money for her accordingly, and that before loaning and delivering said two thousand dollars to said McDonnell, he would see that the title to said real estate upon which said mortgage was to be made and given was all right, and a safe security for said loan, and that he would prepare the mortgage and note, and see to it that said loan and interest was safely secured to the plaintiff thereby." It is further alleged that the loan was made by the defendant to said McDonnell "not on real estate as defendant promised, but instead thereof, said mortgage was made on only all the right, title and interest which said McDonnell had under a certain lease" of the premises, which lease was then and there forfeited and McDonnell's title thereunder, as the defendant well knew or ought to have known, lost and worthless; that said mortgage was then and there worthless and no security for said loan, and that the plaintiff, as soon as she learned of these facts, assigned and surrendered said mortgage and the notes thereby secured to the defendant at his request. The plaintiff further avers that she has never received any security "for said loan and interest;" that no part of said $2,000 loan has been paid to her by the defendant or anyone else, except six months interest, and that the whole sum of the two thousand dollars and interest from September 8, 1903, has been lost to her. The remaining three counts contain in substance similar averments together with certain other allegations in reference to the defendant's subsequent dealings with the property, and each concludes with the statement that the two thousand dollars and interest has been wholly lost to her "by reason of said defendant's non-fulfilment of his said

promise." There is also an omnibus count with the specification that under it and each of the preceding counts the plaintiff claims to recover the sum of $2000 and interest thereon from September 18, 1903.

The plea is the general issue, with a brief statement of accord and satisfaction by the delivery to the plaintiff of a deed of four lots of land in South Portland and the defendant's four notes of one hundred dollars each with the averment that the plaintiff accepted the same as a full consideration of the assignment to the defendant of the McDonnell mortgage "and in full discharge and satisfaction of any alleged claim against the defendant arising out of the premises declared upon."

The pleadings therefore show that the plaintiff claimed that she had surrendered the mortgage and was entitled to recover back the money placed in the defendant's hands to be loaned, and the defendant claimed that she had accepted a deed and four notes in full satisfaction of this demand and of the assignment. The evidence is made a part of the exceptions, and it appears that there was testimony tending to support the position of the plaintiff. She strenuously denied that she had ever accepted or agreed to accept the deed and notes in satisfaction of her claim. Her testimony was that, at the time she assigned the mortgage to the defendant, she refused to receive the deed, told the defendant's agent she would not take it, that he left the deed and notes on the piano at her home and that she afterwards returned them to the defendant. The defendant's testimony was that he agreed to buy and the plaintiff to sell him the mortgage for the deed and four notes and that this trade was fully executed by both parties. It is evident that his testimony does not support his plea of accord and satisfaction. The suit was to recover damages which the plaintiff claimed to have suffered through the breach of the defendant's promise to her to see that her money was loaned on a first mortgage of real estate with a good title, and not to recover the consideration for a mortgage sold to the defendant. If the mortgage was sold to the defendant and payment for it made or tendered to the plaintiff, the amount which she received for it would have a bearing upon the question of damages, but the mere sale of and payment

for the mortgage would not operate as a settlement of her alleged claim against him as set out in the several counts of her writ, unless it was so intended by the parties. Whether it was so intended was a question of fact for the jury.

The presiding justice, after stating that the point of the case was whether the defendant had paid for the mortgage, at the close of his charge gave the following instructions :

"First. . Did the plaintiff agree to accept as payment for her assignment the four notes of the defendant (being Deft. Ex. D. E. F. & G.) and the lots of land as described in his deed to her (Deft. C.) which you have ? If yes, then the verdict must be for the defendant that he did not promise.

Second. Did the plaintiff in fact accept said notes and lots in payment for her assignment? If yes, then the verdict must be for the defendant that he did not promise."

The exceptions to these instructions must be sustained. They are correct as applied to the question of payment, it being undisputed that the defendant tendered performance on his part ; but in order to be an accord and satisfaction of the plaintiff's claim set out in her writ and supported by her evidence, the agreement must have been executed. Payment must be received as well as made. *Mayo* v. *Stevens,* 61 Maine, 562. Neither offer to perform nor tender is sufficient. Nothing short of actual performance, meaning thereby performance accepted, will sustain such a defense. *White* v. *Gray,* 68 Maine, 579. The first instruction omits this important element and both instructions, as applied to this case, overlook the fact that this was not a suit to recover payment for the assignment of a mortgage, but damages for an alleged breach of the defendant's promise to see that the plaintiff's money was loaned on a first mortgage of real estate and a good title. Payment for the assignment of the mortgage, even if made and accepted, would not work a settlement of the claim in the writ unless so intended by the parties. Whether it was so intended was an issue of fact which the second instruction withdrew from the jury.

It is unnecessary to consider the motion.

                                        *Exceptions sustained.*