ABRAHAM ROSE AND HARRY ROSE, TRADING, &c., AS A. ROSE & SON, DEFENDANTS IN ERROR, v. AMERICAN PAPER COMPANY, PLAINTIFF IN ERROR.

Argued June 19, 1912—Decided November 18. 1912.

1. Where a claim is unliquidated or in dispute, payment and acceptance of a less sum than claimed in satisfaction operates as an accord and satisfaction.

2. To constitute an accord and satisfaction in law, dependent upon the offer of the payment of a less sum than that claimed, it is necessary that the money should be offered in full satisfaction of the demand and be accompanied by such acts or declarations as amount to a condition that if the money is accepted it is to be in full satisfaction, and be of such a character that the creditor is bound to understand such offer.

3. The party seeking to settle for a less sum than is claimed to be due must, by his words or conduct when making the offer, clearly inform the other of what is sought and expected. The transaction must be such that the condition is as plain as the tender, so that the acceptance of the tender will involve the acceptance of the condition. In other words, the tender and the condition must be incapable of severance.

4. The condition that if a tender be accepted it shall be in full satisfaction of the disputed claim, may be expressed in the check itself, or in the letter, or account, or receipt accompanying the remittance, or even orally in conversation.

5. Whether a tender is accompanied by such acts and declarations as are necessary on its acceptance to constitute an accord and satisfaction must be determined from the facts of each particular case. If the evidence is conflicting, the question is to be determined by the jury.

On error to the Supreme Court.

For the plaintiff in error, *John A. Hartpence* (*Vredenburgh, Wall & Carey,* on the brief).

For the defendants in error, *J. Fithian Tatem.*

The opinion of the court was delivered by

TRENCHARD. J. In October, 1907, the American Paper Company, the defendant below, ordered of A. Rose & Son, the

plaintiffs below, one hundred tons of "good, clean, dry, mixed papers" at forty-seven and one-half cents per hundred weight, f. o. b. Philadelphia, Pennsylvania. The paper was shipped by the plaintiffs and received by the defendant. Upon unloading the paper the defendant claimed that it was of inferior quality, dirty and wet, and notified the plaintiffs that the stock was not satisfactory. A few days thereafter one Mr. Rose, a member of the plaintiffs' firm, went to Bogota, where the defendant's mill is located, and had a conversation with the general manager of the company. As to just what took place at this interview there is a conflict of testimony. Both sides admit that it was agreed that the price of the paper should be reduced from forty-seven and one-half cents to forty-five cents per hundred weight.

The manager of the defendant company testified that it was also agreed that the percentage of moisture in the paper should be determined by drying samples, and that settlement should be made upon the basis of dry weight. This was expressly denied by the plaintiffs, one of whom testified that the only agreement made was the reduction in price from forty-seven and one-half cents to forty-five cents per hundred weight.

Two payments were made, both by check, one for $289.08, and the other for $313.75, amounting to $602.83, leaving, according to the plaintiffs' contention, a balance still due of $331.37, for which suit was brought.

At the close of the trial at the Bergen Circuit, the defendant moved for the direction of a verdict "on the ground that the acceptance and use of the checks, under the circumstances disclosed by the evidence in the case, amounts to an acceptance of the terms upon which the checks were tendered, and that the plaintiff is thereby barred from a recovery of any balance shown."

The motion was denied, an exception allowed, and the case submitted to the jury. The jury found a verdict for the plaintiffs for $206.22, and the judgment entered thereon is here for review.

The only question requiring examination may be determined by a consideration of the propriety of the denial of the motion for a direction of a verdict.

That motion, it will be observed, was rested upon the proposition that the plaintiffs' recovery was barred by an accord and satisfaction.

At the time of payment, said to have been accepted in satisfaction, the amount of the plaintiffs' claim was in dispute.

Now, of course, the rule of law is that where a claim is unliquidated or in dispute, payment and acceptance of a less sum than claimed, in satisfaction, operates as an accord and satisfaction. 1 *Cyc.* 329.

To constitute an accord and satisfaction in law, dependent upon the offer of the payment of a less sum than that claimed, it is necessary that the money should be offered in full satisfaction of the demand and be accompanied by such acts or declarations as amount to a condition that if the money is accepted it is to be in full satisfaction, and be of such a character that the creditor is bound to understand such offer. 1 *Cyc.* 333.

The party seeking to settle for a less sum than is claimed to be due must, by his words or conduct when making the offer, clearly inform the other of what is sought and expected. The transaction must be such that the condition is as plain as the tender, so that the acceptance of the tender will involve the acceptance of the condition. In other words, the tender and the condition must be incapable of severance, for otherwise the inference will not be drawn that the acceptance of the tender involves the acceptance of the condition. *Lang* v. *Lang,* 83 *Ill. App.* 543; approved, *Reid* v. *McMillan,* 189 *Ill.* 411.

The condition may be expressed in the check itself (*Kerr* v. *Sanders,* 122 *N. C.* 635), or in the letter or account (*Whitaker* v. *Eilenberg,* 70 *App. Div.* (*N. Y.*) 489), or receipt accompanying the remittance (*Nassoiy* v. *Tomlinson,* 148 *N. Y.* 326), or even orally in conversation (*Cole* v. *Champlain Transportation Co.,* 26 *Vt.* 87).

Whether a tender is accompanied by such acts and declarations as are necessary on its acceptance to constitute an accord

and satisfaction must, of course, be determined from the facts of each particular case.  If the evidence is conflicting, the question is to be determined by a jury.  *Bahrenburg* v. *Conrad Schopp Fruit Co.,* 128 *Mo. App.* 526; *Day* v. *McLea* (1889), *L. R.,* 22 *Q. B.* 610; *Nathan* v. *Ogden,* 93 *L. T.* (*N. S.*) 553; *Johnson* v. *Collins,* 20 *Ala.* 435; *Mayo* v. *Leighton,* 101 *Me.* 63; *Singer Sewing Machine Co.* v. *Lee,* 105 *Md.* 663; *Walsh* v. *Lunney,* 75 *Neb.* 337; *Jones* v. *Johnson,* 3 *W. & S.* (*Penna.*) 276.

In the case at bar, the plaintiffs received and cashed two checks in payment.  With respect to the first, which was for $289.08, it is sufficient to say that there is nothing upon the check itself, or in the letter accompanying it, or elsewhere in the testimony, tending to show that it was intended to be in full satisfaction of the claim.

The second check was for $313.75, and in order to determine its effect, it is necessary briefly to look at its history.

After some verbal negotiations between the parties, and after the receipt of the first check, the plaintiffs threatened suit for the balance claimed to be due.  On January 25th, 1908, the defendant wrote the plaintiffs as follows:

"Enclosed we hand you our check for $313.75, which is in full settlement of your account.  *  *  *  This settlement is made in accordance with agreement with Mr. Rose, and if the same is not entirely satisfactory, return check to us at once."

There was enclosed therewith a check dated January 25th, 1908, containing upon its face the words "in full of all demands to date."

On January 28th, 1908, the plaintiffs returned that check to the defendant, enclosed in a letter of that date, reading as follows:

"Enclosed please find check which you sent us in full settlement of our claim.  Such arrangements are not satisfactory. If you will send us check for the same without any stipulation marked thereon, I will accept the same."

On February 1st, 1908, the defendant acceded to that request by sending to the plaintiffs a check of like date and

amount as the returned check, enclosed in a letter reading as follows:

"Yours of the 28th ult. at hand and we do not object to leaving off the stipulation you object to, as it does not and will not change our agreement with Mr. Rose, and this settlement is in accordance with the agreement made with Mr. Rose when he visited us and is in full settlement to date. If the check is not satisfactory return it to us at once."

The check was cashed by the plaintiffs, who acknowledged receipt of it "on account," and at the same time demanded the balance for which this suit was brought.

Now, looking at the tendered check only, it is seen that no condition was imposed. Looking only at the letter which accompanied it, the inference is that it imposed a condition that if the check was used it was to be in full satisfaction. But looking at the letter in the light of plaintiffs' letter of January 28th, 1908, in which plaintiffs refused to accept a check with such condition imposed, a fair inference is that it was tendered without such condition. This latter inference is strengthened when we consider the conduct of the parties. The defendant, on January 25th, 1908, tendered a check marked "in full of all demands." The plaintiffs returned it saying it was not satisfactory. The defendant did not return that check, but kept it, and returned a new check, without such objectionable feature, saying, "we do not object to leaving off the stipulation you object to," in the very letter which is now claimed to be in law conclusive that there has been an accord and satisfaction.

Looking at the conflicting testimony with respect to the alleged oral agreement between Mr. Rose, one of the plaintiffs, and the defendant, referred to in the defendant's letters, we find nothing from which it can be said as a matter of law that the payment in question was made under the condition that it was to be in full satisfaction.

It is quite plain, from the conduct and letters of the plaintiffs, that they did not in fact consider that any such condition was ever imposed upon their acceptance of the check in question. And after an examination of all the proofs, our con-

clusion is that it cannot be said as a matter of law that the tender was accompanied with a condition that it was in full settlement, nor that the plaintiffs were bound to consider it as such. We think the evidence bearing upon that question was conflicting, and the matter was therefore properly submitted to the jury.

The judgment of the court below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, VOORHEES, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TREACY, JJ. 13.

*For reversal*—None.