691 A.2d 414

HARRIETT ZELLER, PLAINTIFF–APPELLANT, v. MARKSON RO-
SENTHAL & COMPANY, DEFENDANT–RESPONDENT, AND
MICHAEL H. ROSENTHAL, INDIVIDUALLY, AND RICHARD
MARKSON, INDIVIDUALLY, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Submitted March 24, 1997—Decided April 14, 1997.

Before Judges HAVEY, KESTIN and EICHEN.

*McDonald, Rogers & Rizzolo,* attorneys for appellant (*Michael J. Rogers* on the brief).

*Apruzzese, McDermott, Mastro & Murphy,* attorneys for respondent (*Melvin L. Gelade* on the brief).

The opinion of the court was delivered by

EICHEN, J.A.D.

On May 17, 1995, plaintiff Harriet Zeller filed a complaint against her former employer, defendant Markson Rosenthal & Company, alleging that defendant breached its obligation to pay her approximately $61,000 in sales commissions.[1] Defendant asserted a defense of accord and satisfaction based on plaintiff's having accepted its check in an amount less than her demand, and

---

[1] During the litigation, plaintiff withdrew her claims against the individual defendants, Michael H. Rosenthal and Richard Markson.

filed a motion for summary judgment. The trial judge granted the motion and dismissed plaintiff's complaint. We reverse.

In *Peterson v. Hartford Accident & Indem. Co.*, 32 *N.J.Super.* 23, 107 *A*.2d 668 (App.Div.1954), we reviewed the principles governing accord and satisfaction. There, we ruled that payments made by an insurer had to be accepted by an insured with the intention they operate as satisfaction of the insurer's entire liability under the policy. In so ruling, we stated "[t]o constitute an accord and satisfaction under the circumstances existing here it must appear that the defendant offered the partial disability payments and that the plaintiff accepted them with the intention that they operate as a satisfaction of the defendant's entire liability under its policy." *Id.* at 31, 107 *A*.2d 668. We also iterated the principles established by our former Court of Errors & Appeals in *Rose v. American Paper Co.*, 83 *N.J.L.* 707, 85 *A.* 354 (Err. & App.1912) as to the nature of the tender required to support an accord and satisfaction.

> To constitute an accord and satisfaction in law, dependent upon the offer of the payment of a less sum than that claimed, it is necessary that *the money should be offered in full satisfaction of the demand and be accompanied by such acts or declarations as amount to a condition that if the money is accepted it is to be in full satisfaction, and be of such a character that the creditor is bound to understand such offer.*
>
> The party seeking to settle for a less sum than is claimed to be due must, by his words or conduct when making the offer, clearly inform the other of what is sought and expected. *The transaction must be such that the condition is as plain as the tender, so that the acceptance of the tender will involve the acceptance of the condition. In other words, the tender and the condition must be incapable of severance;* for otherwise the inference will not be drawn that the acceptance of the tender involves the acceptance of the condition.
>
> [*Peterson, supra,* 32 *N.J.Super.* at 31, 107 *A*.2d 668 (quoting *Rose, supra,* 83 *N.J.L.* at 709, 85 *A.* 354 (citations omitted) (emphasis added).]

Hence, an accord and satisfaction requires a clear manifestation that both the debtor and the creditor intend the payment to be in full satisfaction of the entire indebtedness. In those cases in which a check bears a notation indicating that it is being tendered in full satisfaction of the disputed debt, we impute to the creditor an intent to be bound by the amount of the check if the creditor

deposits the check for collection, notwithstanding the deposit is made "under protest." *See Loizeaux Builders Supply Co. v. Donald B. Ludwig Co.*, 144 *N.J.Super.* 556, 366 *A.*2d 721 (Law Div.1976); *see also Chancellor, Inc. v. Hamilton Appliance Co.*, 175 *N.J.Super.* 345, 418 *A.*2d 1326 (Dist.Ct.1980). *See generally* 15 *Williston on Contracts* § 1854 (Jaeger ed.1972).

██ The facts in this case are not in dispute. The record discloses that in January 1994, after plaintiff left defendant's employ, she received a commission statement from defendant indicating that defendant acknowledged owing her $39,770.11 in sales commissions. According to plaintiff's calculations, defendant owed her $61,160.77. In June 1994, plaintiff advised defendant of her contrary calculations in writing. Six months later, defendant revised its previous calculations downward to $29,802.25, decreasing the amount it had determined it owed plaintiff by approximately $10,000. Thereafter, plaintiff and Michael H. Rosenthal, defendant's vice president, discussed their disparate approaches to the method of calculating plaintiff's commissions but were unable to resolve their differences. During that discussion defendant did not mention to plaintiff the consequence, if any, of plaintiff's acceptance of defendant's tender of payment in an amount less than her demand.

Defendant sent plaintiff a check in the amount of $29,802.25. Neither the check nor the transmittal letter indicated that plaintiff's acceptance would constitute "full satisfaction" of plaintiff's claim for additional commissions. The accompanying letter stated as follows:

Dear Harriett:

Celesta has finished reviewing your commission statements and your letter. She finds that the commissions due are $29,802.25, a check for which we have enclosed.

Very truly yours,

/s/Michael H. Rosenthal

Before depositing the check, plaintiff inscribed on the front and reverse side, "Accepted on Account" and also endorsed the check "under protest with full reservation of rights," indicating it was

not her intention to relinquish her claim to the balance of the commissions she alleged was still due.

At depositions, plaintiff conceded that she understood that the check represented the full amount of what defendant claimed it owed her, but she also pointed out that she had not accepted the check as payment in full of defendant's obligation. The trial court concluded that the deposition testimony reflected "a [sufficiently] clear manifestation of intent that the payment was in full satisfaction." We disagree.

In *Rose v. American Paper Co., supra,* our former Court of Errors & Appeals stated that "[w]hether a tender is accompanied by such acts and declarations as are necessary on its acceptance to constitute an accord and satisfaction must, of course, be determined from the facts of each particular case." 83 *N.J.L.* at 709–10, 85 *A.* 354. The *Rose* Court then placed certain restrictions on the type of proofs required to support a conclusion that a tender was, in fact, conditioned upon the creditor's acceptance of the tender as full satisfaction of the indebtedness. The Court stated that the "condition may be expressed in the check itself, or in the letter or account, or receipt accompanying the remittance, or even orally in conversation." *Id.* at 709, 85 *A.* 354 (citations omitted).

Applying these principles here, we cannot conclude, in the absence of any accompanying acts, declarations or oral statements by defendant alerting plaintiff that her acceptance of the check meant that she was acquiescing in the amount of the tender as full settlement of her claim, that defendant sufficiently manifested its intent that the tender be so construed. Similarly, the evidence is insufficient to support the conclusion that plaintiff accepted the check intending that it operate as satisfaction of defendant's entire liability. The fact that plaintiff may have understood that the check was given to her in payment of what defendant claimed it owed her does not compel the conclusion that she agreed to accept defendant's partial payment as payment in full.

In short, at the time defendant tendered the check, it did not make clear to plaintiff the condition of her acceptance. In con-

trast, plaintiff's endorsement of the check made it perfectly obvious that she did not intend her acceptance of the check to operate as full satisfaction of defendant's obligation. Under these circumstances, we conclude the tendered amount merely represented the undisputed portion of defendant's acknowledged obligation to plaintiff for sales commissions and nothing more. *See Loizeaux Builders Supply Co. v. Donald B. Ludwig Co., supra,* 144 *N.J.Super.* at 564, 366 *A.*2d 721 (citing 6 *Corbin on Contracts* § 1289 (1950)). Accordingly, plaintiff's acceptance of the check was not an accord and satisfaction, and the judge erred in granting summary judgment as a matter of law in defendant's favor.

Our determination in no way detracts from the strong public policy of this state in favor of enforcing settlements. *See, e.g., Pascarella v. Bruck,* 190 *N.J.Super.* 118, 125, 462 *A.*2d 186 (App.Div.), *certif. den.,* 94 *N.J.* 600, 468 *A.*2d 233 (1983). However, just as a settlement agreement requires that the parties intend to be bound in order for the agreement to be enforceable, *Berg Agency v. Sleepworld–Willingboro, Inc.,* 136 *N.J.Super.* 369, 377, 346 *A.*2d 419 (App.Div.1975), an accord and satisfaction, to be effective, necessitates a finding that the party making the tender and the party accepting the tender each intends the acceptance to serve as full satisfaction of the entire disputed obligation. In the absence of evidence of such intention, the defense of accord and satisfaction is unavailing to defeat a creditor's claim for payment in full. *See generally,* 6 *Corbin on Contracts, supra,* at § 1277.

Summary judgment is reversed and the matter is remanded for trial.