**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5202-17T3

SCHWARTZ SIMON
EDELSTEIN & CELSO, LLC,

      Plaintiff-Respondent,

v.

CITY OF JERSEY CITY,

      Defendant-Appellant.

_____

           Submitted October 28, 2019 – Decided August 12, 2020

           Before Judges Moynihan and Mitterhoff.

           On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-4590-16.

           Peter J. Baker, Corporation Counsel, attorney for appellant (Philip Samuel Adelman, Assistant Corporation Counsel, on the brief).

           Respondent has not filed a brief.

PER CURIAM

In this breach of contract matter, defendant City of Jersey City appeals from a November 17, 2017 order denying its cross-motion for partial summary judgment to dismiss plaintiff Schwartz Simon Edelstein & Celso, LLC's claims against it, arising from defendant's non-payment of legal services rendered pursuant to the parties' written agreement. After a dispute as to payment arose, defendant asked plaintiff to accept $89,311.27 as full payment for its outstanding balance of $144,278.57. Plaintiff accepted the payment but claimed it only did so because it believed defendant would pay the outstanding balance during the subsequent fiscal year. According to plaintiff, defendant agreed to pay plaintiff the balance out of the contract for the following fiscal year, and defendant had paid plaintiff in this manner in previous years. As defendant denied any such agreement, the judge found this to be a material factual issue to be considered at trial. We agree, and we affirm the denial of defendant's motion.

In 2006, plaintiff and defendant began a longstanding business relationship, in which plaintiff provided legal services to defendant in connection with various employment matters. On April 22, 2009, the parties entered into a written legal service contract, to cover the period of July 1, 2009 through June 30, 2010 (the 2009 fiscal year). Defendant agreed to pay plaintiff at a rate of $125 per hour, not to exceed $250,000 for the 2009 fiscal year. On

February 17, 2010, defendant passed a resolution increasing this amount to $475,000.

On May 25, 2010, defendant wrote to plaintiff, stating it had "absolutely no money" and requesting that plaintiff "cease doing any billable work for the time being" and "review the bills for January and March [of 2010] to see if they can be discounted." Plaintiff claimed that defendant had continued to send work despite the May 25 request, and because plaintiff had an ethical duty to complete the particular matters it had been handling, it continued to bill defendant for services rendered. Defendant wrote to plaintiff again on August 6, 2010, informing plaintiff that defendant had received an invoice for June 2010, even though plaintiff was not authorized to perform any billable work for defendant at that time. However, defendant ended the letter by adding, "Let's resolve the outstanding invoices so we can authorize a new [c]ontract for [fiscal year] 2011."

On October 1, 2010, defendant wrote to plaintiff again, informing plaintiff it had exceeded the maximum billing amount, as it had billed defendant $517,698.52. Defendant acknowledged its outstanding balance of $144,278.57 for the 2009 fiscal year and requested that plaintiff "accept $89,311.27 as full payment." As it did in the August 6 letter, defendant again advised of its desire

to resolve the outstanding bills so the parties could discuss a contract for the following year.

Thereafter, defendant sent plaintiff a payment voucher for $89,311.27. Plaintiff executed the voucher and returned it to defendant, whereupon defendant issued two checks to plaintiff as payment. According to plaintiff, defendant often did not adhere to the parties' payment terms and would regularly shift unpaid fees to the next fiscal year. Therefore, plaintiff "was willing to acknowledge full payment from the expired contract" because it expected to be paid for the balance in the contract for the subsequent fiscal year.

On November 18, 2016, plaintiff filed a complaint against defendant, asserting breach of contract and related equitable counts, based on defendant's failure to pay plaintiff for certain legal services rendered. On August 21, 2017, plaintiff filed a motion for summary judgment, and on September 19, 2017, defendant filed a cross-motion for partial summary judgment.

On November 17, 2017, Judge Jeffrey R. Jablonski heard oral argument and issued an oral decision, denying both motions. In addressing defendant's motion, the judge determined there was a genuine issue of fact regarding plaintiff's representations as to conversations with defendant about continuing the contract, notwithstanding the terms of the parties' written agreement. With

respect to plaintiff's equitable claims, the judge found they could only be decided "in light of the factual record established as well as the credibility determinations that have to be made in order to assess whether . . . the work that was contracted for was actually performed and the quality of it sufficient to permit the requested relief."

Following a bench trial on April 16 and 17, 2018, the judge issued a written decision in plaintiff's favor. On May 16, 2018, the judge entered an order awarding plaintiff $156,936.07 in unpaid legal fees and prejudgment interest. On June 26, 2018, defendant satisfied the May 16 order. This appeal ensued.

We review a decision granting summary judgment under the same standard that governed the trial judge. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). The judge neither weighs the evidence nor assesses credibility, Brill, 142 N.J. at 540; rather, he or

5

she "must accept as true all the evidence which supports the position of the party defending against the motion and must accord him [or her] the benefit of all legitimate inferences which can be deduced therefrom," id. at 535 (alteration in original) (quoting Lanzet v. Greenberg, 126 N.J. 168, 174 (1991)).

At the outset, we note that defendant did not provide us with transcripts from the two-day bench trial, the judge's post-trial decision, or the invoices forming the basis for this dispute, hindering our review of the issues presented. Having reviewed the limited record before us, in a light most favorable to plaintiff, we conclude that the judge properly denied defendant's motion for partial summary judgment, as there was a genuine dispute as to whether plaintiff's acceptance of defendant's checks constituted satisfaction of the balance due for services rendered during the 2009 fiscal year.

Defendant argues that its offer and plaintiff's acceptance of the two checks created an accord and satisfaction. See Loizeaux Builders Supply Co. v. Donald B. Ludwig Co., 144 N.J. Super. 556, 564 (Law Div. 1976) ("The general rule is that where a check bearing a notation that it is offered in full settlement of a disputed claim is delivered to a creditor, who then retains the check and makes use thereof, an accord and satisfaction may be found."). However, "an accord and satisfaction requires a clear manifestation that both the debtor and the

creditor intend the payment to be in full satisfaction of the entire indebtedness." Zeller v. Markson Rosenthal & Co., 299 N.J. Super. 461, 463 (App. Div. 1997) (emphasis added). It is not clear from the record before us that plaintiff's acceptance of the checks was intended to extinguish defendant's outstanding balance for the 2009 fiscal year. Plaintiff certified that defendant promised to pay the balance under the renewed contract for the following fiscal year, as it had done in previous years. Assuming plaintiff was found credible, a fact-finder could logically conclude that plaintiff did not accept the $89,311.27 as an accord and satisfaction; rather, it accepted this amount as a novation, where defendant agreed to pay the outstanding balance out of the contract for the following fiscal year. See Wells Reit II-80 Park Plaza, LLC v. Dir., Div. of Taxation, 414 N.J. Super. 453, 466 (App. Div. 2010) (explaining that a novation occurs when parties to a contract agree to extinguish one contract and replace it with a new contract). Because such a conclusion would require a determination of credibility, summary judgment would have been inappropriate.

To the extent we have not addressed defendant's remaining arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-5202-17T3