## DeKalb Implement Works v. Geo. E. White & Co.

1. ESTOPPEL—*To Claim Damage by Acceptance of Goods.*—Appellant ordered a bill of lumber of appellees, but received lumber not of the dimensions required, and to use it would necessitate waste. It wrote appellees that it did not want to accept the lumber unless they would stand a portion of the waste. Appellees replied they had done the best they could to fill the order and offered to take back the lumber if not satisfactory. Appellant then accepted and used the lumber. *Held*, that by accepting and using the lumber appellant was estopped from setting up a claim for damages.

2. ACCEPTANCE—*Of a Sum in Settlement, When it is Not.*—Where a person sent a draft to another for a less sum than was claimed to be owing, suggesting that the same be accepted in settlement, for, if returned, he should not trouble himself to send again, *it was held*, that the draft might be accepted for the undisputed portion of the claim and a suit maintained for the balance.

Assumpsit.—Balance due for goods sold. Appeal from the County Court of DeKalb County; the Hon. O. A. BISHOP, Judge, presiding. Heard in this court at the December term, 1894. Affirmed. Opinion filed May 28, 1895.

CARNES & DUNTON, attorneys for appellant.

JONES & ROGERS, attorneys for appellees.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT. On the 17th of June, 1893, appellees, who are lumber deal-

ers in Chicago, shipped appellant 3,118 feet of hard wood lumber and on the same day rendered a bill for the same amounting to $118.48. On June 21st, appellant wrote appellees that the lumber was not of the dimensions ordered; that to use it for its purposes would necessitate great waste and that it did not want to accept it unless appellees would stand a portion of the waste. In reply appellees wrote that they had done the best they could to fill the order and offered to take back the lumber if not satisfactory. After receiving this reply appellant accepted and used the lumber.

Appellees drew on appellant for $118.48, but appellant refused to pay the draft, and on September 5, 1893, tendered by letter its acceptance for $89.83, being the amount due on the shipment after deducting 754 feet for waste. The draft for $89.83 was promptly returned and a draft for the full amount requested. On September 9th, appellant tendered by letter check for $89.83 and check for $1.05 in payment of interest. Appellees returned them and demanded payment in full. On September 18th, appellant again sent these two drafts and wrote suggesting that they be accepted in settlement, for if returned it would not take the trouble to send again. Appellees retained the drafts and collected them, but insisted upon the payment of the balance of the invoice, $27.60.

This suit followed, resulting in a verdict and judgment in favor of appellees for $27.60.

We do not care to consider whether the lumber complied with the order or whether appellant sustained a loss by waste of $27.60. By accepting and using the lumber after appellee declined to bear any part of the waste, and offered to receive it back in payment of the invoice, appellant was estopped from setting up such a claim.

But it is insisted that having accepted the drafts tendered in the letter of September 18th, appellees are barred from maintaining a suit for any balance due them. The authorities abundantly established the rule that where a creditor having a disputed claim against his debtor accepts a sum smaller than the amount claimed in satisfaction of the

claim he can not afterward maintain an action for the unpaid balance. The real question in this case, however, is, whether the amount paid was in full satisfaction of the claim. That depends entirely upon the construction to be placed upon appellant's letter of September 18th.

The letter does not expressly state that if the drafts are accepted they shall be accepted in full satisfaction of the claim. It reads: "We suggest that you accept in settlement as above, for if returned to us we shall not trouble to send to you again."

It may be observed that the drafts covered only that part over which there was no dispute. The dispute was only over 754 feet of waste. Appellant's drafts covered only that amount of the lumber used after deducting the waste, and were sent with the suggestion merely that the sum be received in settlement. Appellees were at liberty to receive the drafts and apply them upon the indebtedness without adopting the suggestion.

We think the jury properly decided that the drafts were not accepted in satisfaction of the entire claim. Judgment affirmed.