**Jules Lang, D. Walter Evans and D. M. Ottenheimer, Copartners as Lang, Evans & Co., v. J. Henry Lane, James Warren Lane, James Freeman Brown and Y. Coit Johnson, Copartners as J. H. Lane & Co.**

1. ACCORD AND SATISFACTION—*What Constitutes.*—To constitute an accord and satisfaction of a claim unliquidated and in dispute, it is necessary that the money should be offered in satisfaction of the claim, and the offer accompanied with such acts and declarations as amount to a condition that if the money is accepted it is to be in satisfaction, and such that the party to whom it is offered is bound to understand therefrom that if he takes it he takes it subject to such condition.

2. SAME—*Tender of.*—When a tender is made as an accord and satisfaction, the party to whom it is made has no alternative but to refuse it, or accept it upon the conditions accompanying the tender. If he takes it his claim is canceled, and no protest, declaration or denial of his, so long as the conditions are insisted upon, can vary the result.

3. SAME—*Requisites of the Offer.*—The party seeking to settle for a less sum than is claimed to be due, must, by his words and conduct when making the offer, clearly inform the other of what is sought and

expected. The condition must be as plain as the tender, so that the acceptance of the tender will involve the acceptance of the condition.

4. SAME—*Conditions Incapable of Severance.*—The tender and the condition must be incapable of severance, otherwise the inference will not follow that the acceptance of the tender involves the acceptance of the condition.

5. SAME—*Checks Sent to be Accepted in Full Payment of an Unliquidated Account.*—Where a check is sent in payment of an unliquidated and disputed account, accompanied by a letter to the creditor notifying him that the check is in payment of certain specified bills, if the creditor does not wish to accept the same in payment of such bills, and wishes to hold the debtor for the amount claimed, it is his duty to return the check.

6. CHECKS—*Offer of Adjustment of Disputed Claims by.*—When a check for a lesser amount than is claimed is sent in payment of a disputed claim, the creditor must return such check to the sender if he wishes to enforce his entire claim.

7. WAIVER—*Of Conditions in Sending a Check for Payment.*—A debtor may waive his right to have a check, sent in payment of a disputed claim, applied in satisfaction of such claim.

**Assumpsit.**—Trial in the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Finding and judgment for plaintiffs; appeal by defendants. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed July 11, 1899.

**Statement of Facts.**—This case was heard by the Circuit Court without a jury, upon agreed facts, and the testimony of two witnesses for appellees and one for appellants.

Appellants were copartners doing a mercantile business in Chicago, and appellees were copartners doing a like business in New York, and had dealings together, in the course of which appellees sent to appellants a statement of account, showing an indebtedness from appellants to appellees of $306.57, which it is conceded correctly represented all bills for which appellants were then indebted to appellees.

Prior to that time, however, appellants had contracted with appellees for another bill of goods, for the non-delivery of which by appellees, the appellants claimed to have suffered one hundred dollars damages. As to these claimed damages some correspondence took place between the parties, the claim being asserted upon one side and denied upon the other.

The statement of account referred to was dated June 18, 1897, and on June 21, 1897, appellants returned it to appellees with a notation on the bottom of it as follows: " Less 10,000 yds. at 1 ct., $100.00," and accompanied it with their bank check for $206.57, and the following letter:

" Chicago, June 21, 1897.

Messrs. J. H. Lane & Co., New York.

Gentlemen—Enclosed please find check for $206.57 in payment of bills March 17, 23, April 12, less $100 on 10,000 yards at one cent. When we placed order with you, we had several chances to buy drills equally as cheap, but gave your representative the preference. We have repeatedly asked him why you didn't make us a shipment, but he could not give us any satisfactory explanation.

We have seen our attorney and he said we are justified in our claim.

Yours very truly,

Lang, Evans & Co."

Appellees replied to this letter as follows:

" New York, June 24, 1897.

Messrs. Lang, Evans & Co., Chicago, Ill.

Gentlemen—Yours of the 21st received, enclosing check for $206.57. We decline to accept the adjustment. You have no right to make these deductions. There is no legal and equitable cause for it. We have referred the matter to Mr. Spurr to communicate the matter to you, with the hopes that his explanation will enable you to see it in the proper light and that you will adjust it. We further instructed him relative to the contingency of your refusing to do so.      Yours respectfully,

J. H. Lane & Co."

Appellants made no reply to this last letter. Appellees had the check certified by the bank upon which it was drawn, and passed the amount of the check to the credit of appellants. Within a few days thereafter, Mr. Spurr, an agent for appellees, called on appellants and stated that the deduction of $100 would not be allowed, and that he, Mr. Spurr, was instructed to collect the $100.

The plaintiffs (appellees) offered to prove that if Mr. Spurr were present at the trial in this case he would testify that during the conversation Mr. Lang (one of the appel-

lants) said the reason they had deducted $100 from their remittance was because of the damage they had sustained by the non-fulfillment of their order of March 30, 1897, to which Mr. Spurr replied that the reason that the order of March 30, 1897, was not filled was because they had been delinquent in paying their prior bills, but that Mr. Lang then said that he would give $70 in payment of the balance of the account, to which Mr. Spurr replied that he did not have authority to settle for less than $100.

Defendants (appellants) admitted that if Mr. Spurr were present he would testify as above stated, but objected to the introduction of the above statement, on the ground that it is incompetent and inadmissible, because the conversation relates to an offer of compromise.

A witness for appellees testified that he was in the employ of appellees and had a conversation with Mr. Lang, of appellants' firm, in regard to the matter in dispute, subsequent to the time the dispute arose, and a week or ten days subsequent to the receipt of the check. The substance of his testimony, shown by the abstract, is as follows:

" I met Mr. Lang on the street and told him I was sorry the difficulty—sorry for the controversy—thought we had made more than an equitable proposition to settle the matter at $85; he said that $70 was all that he would remit. * * * He never mentioned the check."

Mr. Lang testified for appellants as follows:

" Mr. Spurr came to me twice and asked me if it would not be better to settle this matter out of court. I told him that we had nothing to settle outside of what was paid, but in order to keep the matter out of court I was willing to accept—to stand one-half of the loss. That was the first conversation, and he told me, ' Well, I tell you what I will do, Mr. Lang; all I can do is to allow you attorneys' fees.' I says, ' That depends what attorneys' fees means.' He says, ' From $10 to $15.' I would not accept it. A few days after that he came over again. We had the matter talked over again, and I told him, ' As a matter of friendship between you and I, to settle the matter, I will give you a check for $70 and call it off, but I don't owe you anything.' "

Hofheimer & Pflaum, attorneys for appellants.

Lang v. Lane.

WILBER, ELDRIDGE & ALDEN, attorneys for appellees.

In order to make an acceptance of the money sent binding as an accord and satisfaction it is necessary that the money should be offered in satisfaction of the claim and the offer accompanied by such acts and declarations as amount to a condition that if the money is accepted it must be accepted in full satisfaction, and such condition must be so clearly expressed that the party to whom it is offered is bound to understand therefrom that if he takes the money he takes it subject to such condition.   Fuller v. Kemp, 138 N. Y. 231; Preston v. Grant, 34 Vt. 201; McDaniels v. Lapham, 21 Vt. 222; Rockford, Rock Island & St. Louis Ry. Co. v. Rose, 72 Ill. 183; Western Union Ry. Co. v. Smith, 75 Ill. 496.

The observance of the condition must be insisted upon and must not admit of the inference that the creditor might keep the money tendered in case he did not accept the condition on which it was offered.   Fuller v. Kemp, 138 N. Y. 231.

If there were any condition attached to the offer, it was afterward waived, and that appellants assented to its being applied in part payment, and certainly appellants had a right to modify their offer or withdraw any condition. Fuller v. Kemp, 138 N. Y. 231.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The question is, was there an accord and satisfaction, as a conclusion of law, from the facts in evidence?

"To constitute an accord and satisfaction (of a claim unliquidated and in dispute), it is necessary that the money should be offered in satisfaction of the claim, and the offer accompanied with such acts and declarations as amount to a condition that if the money is accepted it is accepted in satisfaction, and that such party to whom it is offered is bound to understand therefrom that if he takes it, he takes it subject to such condition.   When a tender or offer is thus made, the party to whom it is made has no alternative but to refuse it, or accept it upon such condition. If he takes it, his claim is canceled, and no protest, declaration or denial of his, so long as the condition is insisted on, can vary the result."   Preston v. Grant, 34 Vt. 201.

The Court of Appeals of New York (Fuller v. Kemp, 138 N. Y. 231), adopting the language, as above, from Preston v. Grant, adds:

" To make out the defense the proof must be clear and unequivocal that the observance of the condition was insisted upon, and must not admit of the inference that the debtor intended that his creditor might keep the money tendered, in case he did not assent to the condition upon which it was offered."

The party seeking to settle for a less sum than is claimed to be due, must, by his words and conduct when making the offer, clearly inform the other of what is sought and expected. The transaction must be such as that the condition is as plain as the tender, so that the acceptance of the tender will involve the acceptance of the condition. In other words, the tender and the condition must be incapable of severance, for the law will not otherwise draw the inference that the acceptance of the tender involves the acceptance of the condition.

The case of Ostrander v. Scott, 161 Ill. 339, relied upon by appellants, in no manner opposes the rules we have stated, but is in effect in support of them, for it rests upon what it finds, from the facts there existing, was necessarily the understanding and agreement of the parties.

The question in that case, as in this one, goes to the effect to be given to the words and acts of the party in connection with the check. There the check had written upon its face, " in full of all demands to date." Here the check contained no words limiting its effect. There the letter enclosing the check stated that it was " in full of account to date." Here the letter enclosing the check says it is "in payment of bills" of specified dates, " less $100 on 10,000 yards at one cent." There was also in the Ostrander case an element wholly lacking here. There, as soon as the debtors were informed that the check was not accepted by the creditors in full payment, but only as a credit on account, the debtors wrote that the check was sent in full settlement, and demanded it be returned if not so accepted. Here appellants made no reply to appellees' letter declining to assent

to the deduction, but did afterward offer to pay $70 of the $100 that had been deducted.

It would require us to unwarrantably extend the Ostrander case to hold that this case is parallel to that one. The present case is much more like that of Lapp et al. v. Smith, 83 Ill. App. 203, where numerous authorities are reviewed. The case of Hamilton v. Stewart, 31 S. E. Rep. (Ga.) 184, is cited by appellants, but that, like the Ostrander case, turns upon the payment being made upon the condition of its acceptance in full. We are unable to hold that even though this case stood without any question of waiver by appellants, we could reverse the judgment. The learned circuit judge before whom the case was tried, held certain propositions of law which were most favorable to appellants' contention, but held properly, as a modification of one of them, that the debtor might waive his right to have the payment made by him applied in satisfaction, and that the evidence shows in this case there was such a waiver. We fully concur there was such a waiver. The testimony clearly shows what amounts to a waiver by the appellants of any rights they claimed, to have the check applied in full payment. That testimony, even though incompetent in so far as it showed an offer of compromise, was clearly competent to show there was no condition attached to the acceptance of the check, or if there were, that the condition was waived.

The judgment of the Circuit Court is affirmed.