### Kingsville Preserving Co. v. August Frank et al.

1. ACCORD AND SATISFACTION — *Requisites of.* — To constitute an
accord and satisfaction of a claim unliquidated and in dispute, it is
necessary that the money should be offered in satisfaction of the claim,
and the offer accompanied with such acts and declarations as amount
to a condition that if the money is accepted it is to be in satisfaction,
and such that the party to whom it is offered is bound to understand
therefrom that if he takes it he takes it subject to such condition.

Assumpsit, for goods sold.   Appeal from the Circuit Court of Cook
County; the Hon. JOHN C. GARVER, Judge, presiding.   Heard in the
Branch Appellate Court at the March term, 1899.   Reversed and re-
manded.   Opinion filed February 13, 1900.

WILBER, ELDRIDGE & ALDEN, attorneys for appellant.

No appearance by appellees.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This was an action of assumpsit, brought by the appellant
against the appellees to recover a balance of $211.50,
claimed under a contract for the sale of canned fruits by
appellant to appellees.

At the close of the evidence the court, upon the motion
of the appellees, instructed the jury to return a verdict
finding the issues for the defendants (appellees), which was

accordingly done, and thereupon the court rendered judgment on the verdict and against the plaintiff (appellant) for costs.

The verdict was apparently directed upon the theory that an accord and satisfaction of the claim had occurred as a conclusion of law under the facts of the case—there being upon the record no other accounting for the instruction.

There can not be any doubt, from the evidence, but that a balance of $211.50 in excess of the $272.55 that was sent by appellees and received by the appellant, was claimed to be due to the appellant at the time of the remittance and receipt referred to, nor but that appellees knew that such amount was claimed by appellant.

Under such circumstances the appellees sent the following letter to appellant:

"CHICAGO, May 8, 1893.

KINGSVILLE PRESERVING Co., Kingsville, Ontario, Canada.

GENTS: We have this day mailed to City Savings Bank, Detroit, per instructions from you, our check for $272.55, in payment for corn, as follows:

| | |
|---|---|
| 400 doz. Boy Brand at 69c.............. | $276 00 |
| Less 5 doz. samples cut................ | 3 45 |
| | $272 55 |

for which please send receipt in full.

Yours, etc.,

FRANK BROS.,

H."

The amount so remitted was retained by the appellant.

The question then is, was there an accord and satisfaction, as a conclusion of law, under such a condition of facts? The doctrine of accord and satisfaction was treated of by us at considerable length in Lang v. Lane, 83 Ill. App. 543, and we refer to the opinion in that case for the law applicable to this one upon that subject. It need not be repeated.

Under the doctrine there laid down, it is plain that the letter above quoted did not make the acceptance of the sum remitted so plain a condition as that the acceptance of the amount would involve the acceptance of the condition; and

therefore the retention of the money by appellant did not bind it as by an accord and satisfaction.

It was error for the Circuit Court to direct the jury to find the issues for the defendant, and the judgment will therefore be reversed and the cause remanded for another trial. Reversed and remanded.