John Reid et al. v. William McMillan et al.

1. CONTRACTS—*When in Writing, Not to Be Overcome by Mere Methods of Bookkeeping.*—A mere method of bookkeeping, in the absence of positive proof, is not enough to overcome the weight and effect of solemn written contracts between the parties.

Mortgage Foreclosure.—Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed July 31, 1900.

JOSEPH A. McINERNY and T. A. COFFEE, attorneys for appellants.

WILLIAM N. COTTRELL and DEFREES, BRACE & RITTER, attorneys for appellees.

MR. JUSTICE SHEPARD delivered the opinion of the court.

Appellees filed their bill in chancery for a sale, to satisfy an alleged mortgage indebtedness, of certain real estate conveyed to them by the appellants, by a warranty deed absolute on its face, alleged to have been intended as a mortgage.

The decree found that, by agreement of the parties, the said deed, though absolute on its face, was intended and understood by the parties to be given simply as mortgage security for the purchase price of certain stone, bought on credit by appellant John Reid from the appellees, to the amount of $1,200, and that said sum, with lawful interest thereon, remained due and unpaid. It was therefore ordered and decreed that unless said sum so found to be due should be paid within three days, the premises in said bill and in said deed described, or so much thereof as should be sufficient, be sold, etc., and the appeal is from such decree.

The imperfect method by which the case is presented by appellants' abstract and brief makes it difficult to fully comprehend wherein error, if any, in the decree is to be found or is claimed. An inspection of the writings forming

the agreements of the parties, and the oral testimony, effectually establishes that the deed was given and intended as a mortgage to secure $1,200. It is argued, however, with particularity that, even though that be so, subsequent transactions between the parties amounted to a satisfaction of the indebtedness.

This, it is contended, is made to certainly appear by a statement of account, and a writing thereon, introduced in evidence. That statement of account is in form a bill rendered by appellees against the appellant, John Reid, for five car-loads of stone, amounting to $606.26, to which is added an amount of $830.33, as having been "previously applied on lot." From the aggregate of those two amounts an "allowance" of $6.59 is deducted, leaving a balance of $1,430. Then follows a credit, "By price of lot, $1,200," and a balance of indebtedness against Reid of $230 is shown, following the words "credited on ac. as per memo. agreement."

At the foot of the account so stated, the following is written and signed by appellees:

"Check in full settlement of balance this date—20 July, '97, 230."

The check given at that time, and so receipted for, paid everything then due from appellants to appellees, except the $1,200 for which the deed was security.

We fail to see how, as argued, the doctrine of accord and satisfaction has any application to the facts of this case as made by the record. There was at the time not the least claim made that $1,200 did not remain unpaid and secured by the deed, and intention in such respect is of the utmost consequence.

A mere method of bookkeeping, in the absence of positive proof of intention, is not enough to overcome the weight and effect of solemn written contracts between parties. The learned chancellor of the Circuit Court properly found that the indebtedness of $1,200 that was deferred and secured, was not satisfied by anything shown by the statement of account, or otherwise on the hearing before him.

We will not here restate the doctrine of accord and satisfaction, but will refer to the case of Lang v. Lane, 83 Ill. App. 543, where it is laid down in some of its aspects.

The deed being in fact a mortgage, it was entirely competent for appellees to file a bill for a sale of the equity of the appellants in the real estate, notwithstanding the agreements between the parties, provided that appellees themselves might make the sale and account for the proceeds. The existence of such right in the appellees did not deprive them of the right to go into a court of equity in the first instance and have all the rights of all parties adjudicated and finally settled before a sale.

Appellants state fifteen propositions in their brief, but argue none of them except such as we have discussed.

The decree seems to be right and it will be affirmed.