JOHN REID et al.

v.

WILLIAM M. MCMILLAN.

*Opinion filed February 20, 1901—Rehearing denied April 4, 1901.*

1. EVIDENCE—*mere method of book-keeping does not overcome written contract.* The weight and effect of written contracts between the parties cannot be overcome by a mere method of book-keeping.

2. ACTIONS AND DEFENSES—*when a party may properly file bill for sale of equity in property.* The grantee in a deed absolute in form but in fact a mortgage may file a bill for the sale of his equity in the property, notwithstanding the agreements between the parties provide that he may himself make sale and account for the proceeds.

*Reid* v. *McMillan*, 90 Ill. App. 431, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

JOSEPH A. MCINERNEY, and T. A. COFFEY, for appellants.

DEFREES, BRACE & RITTER, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The Appellate Court, in affirming the judgment of the circuit court in this case, filed the following opinion, by SHEPARD, J.:

"Appellees filed their bill in chancery for a sale, to satisfy an alleged mortgage indebtedness, of certain real estate conveyed to them by appellants by a warranty deed absolute on its face, alleged to have been intended as a mortgage. The decree found that, by agreement of the parties, the said deed, though absolute on its face, was intended and understood by the parties to be given simply as a mortgage security for the purchase price of certain stone bought on credit by appellant John Reid from appellees, to the amount of $1200, and that said

sum, with lawful interest thereon, remained due and unpaid. It was therefore ordered and decreed that unless said sum so found to be due should be paid within three days, the premises in said bill and in said deed described, or so much thereof as should be sufficient, be sold, etc., and the appeal is from such decree.

"The imperfect method by which the case is presented by appellants' abstract and brief makes it difficult to fully comprehend wherein error, if any, in the decree is to be found or is claimed. An inspection of the writings forming the agreements of the parties, and the oral testimony, effectually establishes that the deed was given and intended as a mortgage to secure $1200. It is argued, however, with particularity, that even though that be so, subsequent transactions between the parties amounted to a satisfaction of the indebtedness. This, it is contended, is made to certainly appear by a statement of account, and a writing thereon, introduced in evidence. That statement of account is in form a bill rendered by appellees against the appellant John Reid, for five carloads of stone, amounting to $606.26, to which is added an amount of $830.33 as having been 'previously applied on lot.' From the aggregate of those two amounts an 'allowance' of $6.59 is deducted, leaving a balance of $1430. Then follows a credit 'by price of lot, $1200,' and a balance of indebtedness against Reid of $230 is shown, following the words, 'credited on account as per memo. agreement.' At the foot of the account so stated the following is written and signed by appellees: 'Check in full settlement of balance this date—20th of July, 1897, $230.' The check given at that time and so receipted for paid everything then due from appellants to appellees except the $1200 for which the deed was security.

"We fail to see how, as argued, the doctrine of accord and satisfaction has any application to the facts of this case as made by the record. There was at the time not the least claim made that $1200 did not remain unpaid

and secured by the deed, and intention in such respect is of the utmost consequence. A mere method of book-keeping, in the absence of positive proof of intention, is not enough to overcome the weight and effect of solemn written contracts between parties. The learned chancellor of the circuit court properly found that the indebtedness of $1200 that was deferred and secured was not satisfied by anything shown by the statement of account or otherwise on the hearing before him. We will not here re-state the doctrine of accord and satisfaction, but will refer to the case of *Lang* v. *Lane*, 83 Ill. App. 543, where it is laid down in some of its aspects.

"The deed being, in fact, a mortgage, it was entirely competent for appellees to file a bill for a sale of the equity of the appellants in the real estate, notwithstanding the agreements between the parties provided that appellees themselves might make the sale and account for the proceeds. The existence of such right in appellees did not deprive them of the right to go into a court of equity in the first instance and have all the rights of all parties adjudicated and finally settled before sale.

"Appellants state fifteen propositions in their brief, but argue none of them except such as we have discussed.

"The decree seems to be right, and it will be affirmed."

Questions attempted to be raised in this court other than those disposed of by the foregoing opinion are not presented by this record, there being no assignments of error in the Appellate Court upon which they can be based.

Whether or not the defendants below, or either of them, can be properly charged upon a deficiency decree is not raised by assignment of error, and, under the authority of *Eggleston* v. *Morrison*, 185 Ill. 577, could not be, there having been no sale of the mortgaged property, or the amount of the deficiency, if any, ascertained.

The Appellate Court decision cited in the foregoing opinion, on the question of accord and satisfaction, is in

harmony with the decisions of this court and other well recognized authorities.

The opinion of the Appellate Court is adopted and its judgment affirmed.         *Judgment affirmed.*