## American Forwarding & Mercantile Company v. Lindsay Chair Company.

### Gen. No. 12,750.

1. ACCORD AND SATISFACTION—*what does not establish.* The remittance of a check accompanied by a statement to the effect that it was for the correct balance and that no more would be paid, followed by acceptance of the check, does not constitute an accord and satisfaction.

2. INTEREST—*what tends to establish unreasonable and vexatious delay of payment.* Evidence which shows a refusal to pay until the creditor shall do something which in law it was not required to do, tends to establish an unreasonable and vexatious delay of payment justifying an allowance of interest.

3. CREDIBILITY OF WITNESSES—*when instruction as to, not ground for reversal.* In this case an instruction which told the jury that they were "the sole judges of the facts and of the credit to be given to the witnesses," etc., held, not prejudicial error.

Action in *assumpsit.* Appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed November 23, 1906.

BRYAN Y. CRAIG, for appellant.

FREEMAN K. BLAKE, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is a suit in *assumpsit* brought by appellee to recover for goods and merchandise sold and delivered to appellant. The latter in addition to the general issue filed a plea of set-off, claiming damages alleged to have been suffered by reason of appellee's breach of a contract to ship a bill of goods upon an order accepted by appellee.

It is contended that the verdict and judgment are against the weight of the evidence, that the amount of the judgment is excessive and that there was error in certain of the instructions. The first of these contentions relates to appellant's claim for damages under its plea of set-off. It appears that on or about November 22, 1902, appellant ordered a bill of goods consisting of chair stock for 850 dozen chairs, the price apparently amounting to not quite $100. The order was not filled and appellant claims to have been damaged in consequence. It appears that a controversy arose soon after the order was given with reference to the character of a carload of stock shipped upon a prior order. Under date of January 20, 1903, appellee wrote appellant in reply to a letter asking whether appellant's order would be filled, stating that it had marked them off its books, that "as the last car we shipped you was unsatisfactory we think it best to not try to do business with you. We wrote you some time ago that the last car shipped you was a fair sample of the goods we are manufacturing at this time, and we have no doubt but what that car will average as good as any we will ship in the future; that being the case we will not fill your orders." In reply appellant wrote of date January 23, 1903, that "after having thoroughly gone into the matter of continuing to handle

your goods in the white, we must say that we are afraid that you are not making the grade of goods that we can use to advantage in this part of the country." The letter goes on to state, "we think in justice to ourselves and to you that it is best for us not to handle any more of your stock with the exception of" certain rockers specially mentioned, and further, "if it is a fact as you state, that the last car of stock is as good stock as you can send us in the future, then it is useless to think of continuing to handle your goods up here." As we understand this correspondence it amounts to a distinct statement on the part of appellant that it will not handle any more of appellee's stock and is in effect a cancellation or an assent to appellee's cancellation of the order of November 22, 1902. The fact that in February following, appellant requested appellee to ship these or similar goods to a third party, viz.: the "Downer's Grove Furniture Company," that it refused to pay what it owed appellee unless this was done, and that March 13, 1903, appellant wrote that if appellee was under the impression that appellant canceled its order by the letter of January 23rd, appellee was mistaken, does not militate against this conclusion nor change the plain meaning and effect of the previous correspondence. Appellant is not entitled to damages for breach of a contract of sale and purchase, which by agreement of the parties had been abrogated.

The contention that the verdict and judgment are excessive is based upon a claim that appellee is not entitled to interest and that there was an accord and satisfaction, in that appellee accepted a check sent by appellant in full of a disputed account as to which there was a difference between the parties, relating to the percentage of discount to which appellant claimed to be entitled. The difference is said to be $90.04. As to the alleged accord and satisfaction there is evidence tending to show that the amount of discount to be allowed upon a portion of the account was in dispute, and that finally, December 19, 1902, appellant wrote

enclosing a check, with the statement that "in conclusion we wish to say that the check for $816.43 which we enclose is the correct balance due you and we will not deviate from it. We ask you to change your records accordingly in order that we may have a clean sheet for the future." It is argued that this language indicates that the check referred to was sent in full of appellee's accounts and that its acceptance by appellee was a satisfaction of that account. We cannot concur in this view. The language of the letter in effect states that the check is for the correct balance and that appellant will not pay any more. From this appellee might conclude that if it wanted to collect the balance it would have to do so by enforcing the claim at law or otherwise. But there is nothing in the letter which can be reasonably construed as a notification to appellee that the check was sent upon condition that if accepted and used it would be in satisfaction of the claim. The check does not purport to have been sent in full of the demands and the letter does not so indicate. In Canton Coal Co. v. Parlin, 215 Ill. 244-246, cited by appellant, the check there in controversy was sent "in full of account." No such statement nor its equivalent accompanied the check in the case at bar, nor is there anything from which such intention can be implied. It is one thing to inform a creditor when sending a check that the debtor will not pay any more and a very different thing to advise him that the check is sent upon condition that if he accepts it, he will do so in full settlement of the account. See De-Kalb Implt. Works v. White, 59 Ill. App. 171-173; Lang v. Lane, 83 Ill. App. 543-548.

The jury were instructed that appellee would be entitled to recover interest if they found appellant guilty of unreasonable and vexatious delay in payment of the account. There is evidence from which they might so find, as they apparently did. An illustration of this is found in one of appellant's letters, from which it appears that it was refusing to pay anything on its own

apparently overdue account until assured that appellee would ship goods at its request to a third party, which so far as appears appellee was under no kind of obligation to do. We find no error in the allowance of interest.

Complaint is made of instructions, one of which told the jury they were "the sole judges of the facts and of the credit to be given to the respective witnesses," etc. Instructions to this effect have been condemned and should not be given. W. C. St. Ry. Co. v. Shannon, 106 Ill. App. 120-128. No good purpose can be served by telling the jurors they are "sole judges of the facts," which is not moreover the exact truth. Without discussing the matter, however, it suffices to say that in the case at bar there is no reason to suppose the instruction was in the least harmful to appellant. The thirteenth instruction, which is complained of, related wholly to appellant's claim for damages on account of appellee's alleged breach of contract. Inasmuch as we are of opinion we have said and as the jury found, that appellant was not entitled to recover such damages, the question of the proper measure did not arise. We need not therefore consider whether the instruction is in all respects strictly accurate or not. No material error in it has been called to our attention, however.

The judgment of the Superior Court must be affirmed.

*Affirmed.*