HEITLAND GRATE & MANTEL COMPANY, Respondents, v. ELLA CULVER et al., Appellants.

St. Louis Court of Appeals. Argued and Submitted February 2, 1914. Opinion Filed March 3, 1914.

1. NEW TRIAL: Grounds: Ruling Not Excepted To. The trial court may grant a new trial on the ground that it erred in directing a verdict for defendant, notwithstanding plaintiff did not except to the action of the court in giving the peremptory instruction.

2. **EVIDENCE:** Letter-Press Copies.  In an action for work performed and material furnished, *held* that the court did not err in permitting plaintiff to introduce in evidence letter-press copies of letters sent by plaintiff to defendant, in view of the proceedings in connection with the offer.

3. **CONTRACTS: Action for Work Performed Under Special Contract: Sufficiency of Evidence.**  In an action for work performed and material furnished under a special contract, evidence *held* sufficient to show that the work was done and the material was furnished under a contract as pleaded, and that the price charged was in accordance therewith.

4. **ACCORD AND SATISFACTION: Sufficiency of Evidence.**  In an action for work performed and material furnished, *held* that whether there was an accord and satisfaction was a question for the jury, under the evidence.

Appeal from Shelby Circuit Court.—*Hon. Nat M. Shelton*, Judge.

AFFIRMED AND REMANDED.

*Benj. R. Dysart, Jno. D. Dale* and *Harry J. Libby* for appellant.

(1) The court erred in sustaining the motion for, and granting plaintiff, a new trial. No exceptions were saved by plaintiff to the court's action in sustaining defendant's demurrer to the evidence. The action of a trial court on demurrer to the evidence is not reviewable on motion for new trial unless exceptions are saved at the time by the party adversely ruled against. Lewis v. Mining Co., 199 Mo. 463; Montei v. Railroad Co., 130 Mo. App. 149; Green v. Terminal Railway Co., 211 Mo. 18; Adamson v. Street Railway Co., 126 Mo. App. 127. (2) The court erred in permitting plaintiff to offer in evidence the letter press copies of alleged letters for the reason that said letter press copies were secondary evidence, and no proper foundation was laid for their instruction. Hardin v. Railway Co., 120 Mo. App. 203; Goucher v. Carthage Novelty Co., 116 Mo. 99; Ward v. Morr Transfer Co.,

119 Mo. App. 83; Bank v. Pezoldt, 95 Mo. 404; Heth-erington v. Kemp, 4 Camp. 193. (3) There was an entire failure of proof on plaintiff's part. Plaintiff's pleading counted squarely on a special contract for installing marble Mosaic tile floors for both the office and dining room of the hotel. Plaintiff's own evidence showed that the contract declared upon by it in its pleading had never been performed by it. In such cases plaintiff cannot recover. A party connot sue on one contract or cause of action and recover upon an-other. And this is not a mere variance. It is a total failure of proof. The proof must support the allegata. Henry Co. v. Citizens Bank, 208 Mo. 209; Koons v. St. Louis Car Co., 203 Mo. 227; Taussig v. Southern M. & L. Co., 124 Mo. App. 209; Davis v. Drew, 132 Mo. App. 503; Hite v. Street Railway Co., 130 Mo. 132; O'Brien v. Western Steel Co., 100 Mo. 182. (4) Plaintiff was not entitled to recover under any view of the case. Defendant's letter to plaintiff and plaintiff's conduct upon receipt of same constituted an accord and satisfaction. It is well settled law that where one party makes a tender to another, in good faith, of the amount claimed by him to be due on a disputed account, accompanied with the condition that the amount is tendered in full payment of the demand, and the party to whom tender is made accepts the tender and collects and retains the money, he cannot reject the conditions accompanying it. Having accepted the money he must accept the conditions also, and cannot afterwards repudiate the transaction and apply the amount tendered as a credit only. It constitutes payment of the debt. Pollman Coal Co. v. St. Louis, 145 Mo. 657; Geo. Knapp & Co. v. Pepsin Syrup Co., 137 Mo. App. 472; St. Joseph School Board v. Hull, 72 Mo. App. 403; Coal Company v. Coal Company, 127 Mo. App. 320; Cornelius v. Rosen, 111 Mo. App. 619; Lightfoot v. Hurd & Co., 113 Mo. App. 612; Andrew v. Stubbs Co., 100 Mo. App. 599; Universal

Tlk. Mch. Co. v. Rosenfield, 141 Mo. App. 621; Carter v. Carter, 129 Mo. App. 467; Dove v Fansler, 132 Mo. App. 669; Rowland v. Railway Co., 124 Mo. App. 605; Bahrenburg v. Fruit Co., 128 Mo. App. 526; Goodloe v. Packing Co., 145 Mo. App. 574.

*Humphrey & Gose* for respondents.

(1) As it is defendants' appeal and as the trial court presumably acted under its own ruling and saw the exception in its mind's eye though none was made, and undertook to correct what it believed its own error, the question is presented in another form and we may with propriety consider the matter on its merits. Green v. Terminal Assn., 211 Mo. 34. (2) The fact that there was no prior dispute that the tender made did not state that it was payment in full or satisfaction or that any condition was attached to its retention; that appellants made no protest to its retention or acceptance as a credit on accounts—these facts make the question of whether or not there was an accord and satisfaction a question peculiarly for the jury. Bahrenburg v. Fruit Co., 107 S. W. 442, 128 Mo. App. 526.

REYNOLDS, P. J.—Plaintiffs, partners under the name of Heitland Grate & Mantel Company, commenced this action before a justice of the peace by filing an account against defendant for furnishing and laying tiling in the office and dining room in a hotel building of the defendants, at an agreed price of $600, as it is stated, and for extra work, the latter amounting to $11.83.

Defendants, appearing, filed a written answer, referring to the account as a complaint and denying each and every allegation therein; pleading payment of all the items of the account and of all indebtedness owing to plaintiffs; and further setting up that the agreement

between plaintiffs and defendants was that the latter were to furnish tile and lay the same into floors in the dining room and office room of defendants' hotel in Clarence, at and for a certain price per square foot, to-wit, thirty-five cents per square foot for the office room and fifty cents per square foot in the dining room, the dining room containing 675 square feet and the office room 512½ square feet; that on May 16, 1907, defendants paid plaintiff $88.79, and afterwards by their check tendered and paid plaintiff the further sum of $404.21 in full payment, satisfaction and settlement of all sums due plaintiffs from defendants on account of their work and material; that plaintiffs had accepted the check and collected and retained the sum represented in it, to-wit, $404.21, whereby defendants aver plaintiffs are estopped from claiming any further sums from defendants.

Defendants prevailing before the justice, plaintiffs appealed to the circuit court. At a trial before that court and a jury, at the conclusion of the evidence for plaintiffs, the court, at the instance of defendants, instructed the jury that "under the pleadings, the law and the evidence" of plaintiffs, plaintiffs could not recover. No exception was saved to the giving of this instruction. The jury returning a verdict accordingly, plaintiffs in due time filed a motion for new trial, assigning error of the court in giving the instruction; that the verdict was for the wrong party; that upon the evidence offered plaintiffs were entitled to recover; and because the verdict of the jury is not supported by the evidence nor by the weight of the evidence. The trial court, filing no statement of the grounds upon which it acted, sustained this motion and granted a new trial. From this action, defendants have duly perfected their appeal to this court.

The errors assigned are to the action of the court in setting aside the verdict and granting a new trial,

·it being claimed that the court erred in receding from ·its action directing a verdict for defendants, as under plaintiffs' own evidence they were not entitled to recover, and that the action of the court in directing a verdict for defendants was right and its action in ·setting aside the directed verdict was error.

It is argued that as no exceptions were saved by .plaintiffs to the action of the court in sustaining de-fendants' demurrer to the evidence, the action of the ·trial court in granting a new trial on the ground that such instruction was erroneous cannot be sustained by the appellate court. This proposition is settled contrary to the contention of learned counsel for ap-pellants by the decision of our Supreme Court in Green v. Terminal R. R. Assn., 211 Mo. 18, 109 S. W. 715. As in that case, so here, the defendants appealed from the action of the court in setting aside the verdict. It was said by our Supreme Court, in the above case, in answer to the argument of appellant in that case, that no exception had been saved to the action of the trial court in admitting certain evidence: ''If this were plaintiff's appeal from a judgment against him the absence of his exceptions would be fatal to his contention; but as it is defendant's appeal and as the trial court presumably acted under its own ruling and saw the exception in its mind's eye though none was made, and undertook to correct what it believed its own error, the question is presented in another form and we may with propriety consider the matter on its merits.''

The second point argued by the learned counsel for appellants, is that the court erred in permitting plaintiff to offer in evidence letter press copies of cer-tain letters, written by plaintiffs to defendants. Reading the proceedings at the trial in connection with that offer, we see no error in this action.

It is further argued that there is an entire failure .of proof on plaintiffs' part, counsel contending that

the action is on a special contract and that plaintiffs'
own evidence showed that the contract declared upon
had never been performed by them. We are compelled
to differ with counsel as to the evidence on that point.
One of the plaintiffs testifying, and the only witness
in the case, testified in the most unequivocal manner
that the contract was taken at a lump sum for laying
the tile and that while in arriving at this lump sum
there had been a selection of tile of different prices,
according to the quality of the title, in order to bring
the whole price within the sum defendants were will-
ing to pay, yet his testimony was positive that the
contract was not based upon the specific price of tiles
but was for the whole work of laying the floors of
the two rooms at a specified price of $600. The addi-
tional item of $11.83 was for extra work outside of
the contract price. Even the answer filed by defend-
ants pleads an agreement, the difference between the
parties being as to the terms of the agreement. So
there was no total failure of proof, not even a case
of variance, if the jury accepted the version of the
plaintiffs' witness.

The final point turns on the question of accord
and satisfaction. A careful reading of the testimony
in this case, putting a construction upon it most fa-
vorable to defendants, is that the evidence given by
the witness for plaintiffs who testified as to this mat-
ter, and that furnished by the correspondence
between the parties which was produced, left the ques-
tion as to whether there had been accord and satisfac-
tion open for determination of the jury. The cor-
respondence between the parties with reference to the
alleged payment and receipt of the check brings this
case very closely within the facts present in Bahran-
burg v. Conrad Schopp Fruit Co., 128 Mo. App. 526, 107
S. W. 440; so closely indeed, that a reference to the
law there announced by our court is applicable here.
Here, as there, the circumstances surrounding the pay-

ment, receipt and retention of a sum of money less than that claimed by plaintiffs were such that an inference might be fairly drawn either that there was or was not a tender in full payment. The evidence as to this was not of such a character as would authorize the trial court to declare, as a matter of law, that it proved an accord and satisfaction. It presented a case which should have been submitted to the jury under proper instructions.

The action of the learned trial court in sustaining the motion for a new trial was proper on any of these grounds. That action is affirmed and the cause remanded for further proceedings. *Nortoni* and *Allen, JJ.,* concur.

