Madison Company, et al. &#125;
       vs.
Joseph McCormick, Jr., &#125;Eq. No. 11598.
      et al.

December 9, 1932.

BAKER, P. J. Heard on bill, answer and proof.

In this bill the complainants are seeking to enforce a lien against certain securities held by them and also to be allowed to foreclose by sale what are claimed to be mortgages against certain real estate in the town of East Providence.

The question raised by the respondents in defense to the bill is one of law. There apparently is little or no dispute on the facts.

The evidence shows that large sums of money were borrowed from time to time from the complainants, who took notes therefor and as collateral received certain securities, most of which they are now holding. They also obtained deeds of real estate in said town of East Providence. These deeds were in form absolute conveyances but there were separate instruments of defeasance.

The parties hereto do not question the fact that although these conveyances are in form absolute they, with the instruments of defeasance, actually constitute mortgages, according to the intent of the parties.

On the evidence presented no serious question is raised by the respondents as to the amounts due under these notes and as to the further fact that there has been and is now default in the payment of said notes and obligations.

The complainants at the hearing produced evidence which tends to show that the securities and so-called mortgages held by them by way of collateral are not sufficient to cover the amounts due on said notes and obligations by a considerable margin.

The respondents urge that the complainants are not entitled to ask this Court to permit them to foreclose the so-called mortgages at the present time by way of sale, because they did not reserve to themselves in said separate instruments of defeasance any power of sale.

It is true, of course, that the complainants might have taken ordinary mortgages in the usual form containing powers of sale or might have made express provisions in the separate instruments of defeasance for a sale of the property. The fact that they did not do these things, however, in the opinion of the Court does not now prevent them, as a matter of law, from coming into a court of equity and asking for permission to foreclose. In fact, it would appear to be the only method by which they could realize on the collateral held by them.

An examination of the authorities appears to the Court to bear out the complainants' contention herein. If it is once agreed that a deed, though in form absolute, is in actual fact a mortgage, then it is apparently treated as a mortgage in every respect, both as to the rights of the grantor and the mortgagee, and either one is entitled to come into a court of equity and ask for proper relief. These general principles are laid down by practically all the authorities.

    Jones on Mortgages, 8th ed., Vol. 1, Sec. 416;

    Storey's Eq. Jurisprudence, 14th ed., Vol. 3, Sections 1370, 1371;

    Vol. 41, Corpus Juris, Page 832;

    Pomeroy's Eq. Jurisprudence, Vol. 3, 4th ed., Sec. 1196;

    Vol. 19, R. C. L., page 265;

    *Reid* vs. *McMillan*, 189 Ill. 411;

    *Kellogg* vs. *Northup*, 115 Mich. 327;

See also

    Gen. Laws of R. I. 1923, Chap. 302, Sec. 15.

In view of this situation of the law and on the facts herein presented, the Court is of the opinion that the prayers of the complainants' bill

should be granted and the relief therein prayed for given.

For complainant: Tillinghast & Collins.

For respondent: Huddy & Moulton.